GEORGE W. DULANEY AND WIFE, Respondent, v. MIS-
SOURI PACIFIC RAILWAY COMPANY, Appellant.

| 21a | 597 |
| 31a | 114 |
| 21 | 597 |
| 98 | 705 |

Kansas City Court of Appeals, April 19, 1886.

NEGLIGENCE—DAMAGES—CAUSE OF ACTION UNDER SECTIONS 2121 AND 2122, REVISED STATUTES—CASE ADJUDGED.—The right of action given by sections 2121 and 2122, Revised Statutes, for damages for injuries resulting in death, is statutory, and being so created, one who sues must bring himself within the statutory terms. This suit is by the father and mother for injuries to a minor son, causing his death. The petition, while stating this, fails to allege that he was *unmarried*. Without such averment no cause of action was alleged, since the language of the statute is "if such deceased be a minor and *unmarried*," *then* the action enures to the father and mother. *Barker v. Railroad*, 86 Mo. ——.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

The case and facts are sufficiently stated in the opinion of the court.

THOMAS G. PORTIS and WM. S. SHIRK, with THOMAS J. PORTIS, for the appellant.

I. The petition does not state a cause of action. It does not allege that the deceased minor son of plaintiffs was *unmarried* at the time of his death. Sects. 2121, 2122, 2123, Rev. Stat. The cause of action is wholly statutory, and the plaintiffs must, by the allegations of their petition, bring themselves within its terms. *Mc-Namara v. Slavens*, 76 Mo. 329 ; *Barker v. Railroad*, 86 Mo. ——.

II. The petition is fatally defective in failing to allege that the spikes in the bottom of the car, which, it is alleged, were the cause of the death of said minor son,

were there by the fault of defendant or its employes, or that defendant had any notice that they were there, or could have known it by the exercise of reasonable diligence ; nor that the deceased might not have avoided the danger by the exercise of due care on his part.    *Smith v. Railroad*, 69 Mo. 32 ;   *Porter v. Railroad*, 71 Mo. 66 ; *Current v. Railroad*, (Sup. C. Mo. April 7, 1885).

III.   The demurrer to the evidence should have been sustained.   It did not appear that any fault of defendant caused the son's death,  or had any connection with it.   Nor is there any evidence, but conjecture, as to what caused him to fall off the car.

IV.   The instruction given by the court, on its own motion, is erroneous,  because it did not require the jury to find that the deceased minor son was unmarried.

HOLLIS & WILEY, for the respondent.

I.   By answer to the merits defendant waived any objection to petition on the ground of defect of parties to the action.  *Miss. Planing Mill v. Presbyterian Church*, 54 Mo. 520.   The objection to the petition, because of not averring that the minor son was unmarried, should have been raised by demurrer, or if he was, in fact, married, this should have been set up in the answer.  The objection was not raised in the trial court, and cannot now be raised here.    The petition is good after verdict.    Sect. 3582, Rev. Stat. ;  *Bowie v. Kansas City*, 51 Mo. 454.

II.   The petition is not defective by reason of failure of averments of negligence.   Such averments are substantially made and state a  good  cause of action.   *Gibson v. Railroad*, 46 Mo. 163 ; *Porter v. Railroad*, 60 Mo. 160 ; *Dale v. Railroad*, 63 Mo. 455 ; *Lewis v. Railroad*, 59 Mo. 495.

III.   The demurrer to the evidence was properly overruled.   There was evidence tending to prove the issues, and the *sufficiency* of it was for the jury.  *McKoun v. Craig*, 39 Mo. 156 ; *Bowen v. Lazalere*, 44 Mo. 383 ; *Deere v. Plant*, 42 Mo. 60.

IV.   As to the cause of the death of the deceased son
the evidence was before the jury for its determination.
*Buesching v. Gas Company,* 73 Mo. 231 ; *Mauerman v.*
*Siemerts,* 71 Mo. 101.   The jury could have reached no
other conclusion than that it was by the fault of defend-
ant, in the condition of its cars.

ELLISON, J.—This action was begun in the Moberly
court of common pleas, and by change of venue was
transferred to the circuit court of Pettis county.

It is brought by plaintiffs as mother and father of
Keene Dulaney, who was killed while in defendant's em-
ploy.   He was between seventeen and eighteen years of
age, and was engaged as brakemen in switching cars in
the city of Sedalia.   There were five cars being switched
onto a "Y."   In the second car back of the engine,
which was a flat car, there were several large spikes which
seem to have been driven up through the bottom of the
car, and were sticking above the surface of the floor.
These spikes are charged to have been the cause of the
deceased falling from the train, and defendant is charged
with negligence in permitting them to be in the car.   The
verdict was for plaintiffs, and defendant appeals.

At the close of plaintiffs' testimony, defendant asked
an instruction in the nature of a demurrer to the evi-
dence, which being refused, it afterwards interposed a
motion in arrest, which was likewise overruled.

The petition, while stating that the deceased was the
minor son of plaintiffs, past seventeen years old, fails to
allege that he was unmarried, and for this reason the mo-
tion in arrest should have been sustained, as without
such averment there was no cause of action alleged.

The right of action given by sections 2121 and 2122,
Revised Statutes is statutory.   It did not exist at common
law.   Being created by the statute, one who sues must
bring himself within the statutory terms.   *McNamara v.*
*Slavens,* 76 Mo. 329.   The right of action in this case
only belongs to the father and mother in the event that

there is no wife. The language of the statute is "if such deceased be a minor and unmarried, *then*" the action enures to the father and mother. The principle announced in *Barker v. Railroad*, Supreme Court of Missouri, not yet reported, fully sustains this view.

The judgment is reversed and the cause remanded. All concur.