BARKER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. Revised Statutes, Section 2121: DEATH OF HUSBAND: SUIT BY WIFE AFTER SIX MONTHS. A wife suing under Revised Statutes, section 2121, for the death of her husband, by reason of the negligence of the defendant, and who brings her suit within a year, but after the expiration of six months from the death of the husband, must show there was no minor child surviving the marriage, or she cannot recover.

2. ——: ——: ——. In such a statutory action the person suing must bring herself within the statutory requirements necessary to confer the right of action, and this must appear in the petition, otherwise it will show no cause of action.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

REVERSED.

*G. W. Easley* for appellant.

The petition does not state facts sufficient to constitute a cause of action. The deceased was killed April 15, 1879, and the suit was begun April 9, 1880. The right of action under the statute (R. S., sec. 2121) only

remains in the wife absolutely for six months and if she fails to sue within that time, then the suit is to be brought by the minor child or children of the deceased. Here she does not sue "within six months after such death," so that her right to sue after the expiration of six months after such death is conditional on the fact of whether there are minor children or not. If there are minor children, then her action is barred after six months; if not she may sue within the year. *Coover v. Moore*, 31 Mo. 574; *Kennedy v. Burrier*, 36 Mo. 128. Suppose that, after the expiration of six months, the widow had sued and prosecuted her suit to final judgment within a year after the death, and then within the year the minor children should sue, the widow's judgment would not bar the minor's recovery, because the widow had no right of action. Suppose that the minor should sue after six months, and failed to allege that there was no widow, or that she had failed to sue within six months; no cause of action would be stated. As the record nowhere shows that there are no minor children in this case, there is no right of action in the widow. The action is statutory, and the widow's right to sue after six months is conditional on the fact that there are no minor children. Wood on Lim., sec. 9; *Railroad v. Hine, Adm'r*, 25 Ohio St. 634.

*Spencer & Hall* for respondent.

(1) The point that the petition fails to state a cause of action, by reason of its failure to allege the non-existence of minor children, was not made at the trial, and is made for the first time in this court. (2) The cause of action in this case accrued to the plaintiff, the wife of the deceased, upon his death, and belonged to her absolutely without any qualification. *Coover v. Moore*, 31 Mo. 576; *Kennedy v. Burrier*, 36 Mo. 130. (3) The provisions of the statute, as to the time in which the wife shall bring her action, are in the nature of a

limitation and nothing more ; they affect the remedy only and limit the enforcement of the right. *Coover v. Moore*, 31 Mo. 576 ; *Kennedy v. Burrier*, 36 Mo. 130 ; *Carberry v. Insurance Co.*, 51 Wis. 604 ; *Wunderlin v. Cadogan*, 50 Cal. 613 ; *Hanna v. Railroad*, 32 Ind. 114 ; *Chiles v. Drake*, 3 Met. (Ky.) 147. (4) In all cases except criminal causes the statute of limitations must be pleaded as a defence. *Tramell v. Adam*, 2 Mo. 156. The defence of the statute of limitations may be made by demurrer where the statement of the plaintiff shows an absolute bar without any exception. *Condrey v. Gilliam*, 60 Mo. 98 ; *State v. Reed*, 22 Mo. 473 ; *Harper v. Terry*, 70 Ind. 270 ; *Hutchinson v. Hutchinson*, 34 Ark. 164.

RAY, J.—The petition on which this cause was tried is as follows : "Plaintiff states that upon the —— day of ——, she was lawfully married to Edward B. Barker, deceased, late of Buchanan county, and at the times hereinafter mentioned she was the wife and is now the widow of said deceased, Edward B. Barker.

"Plaintiff states that defendant now is, and at the times hereinafter mentioned was, a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and that it then was and still is engaged in running its steam locomotives, its cars and trains of cars, for the transportation of persons and goods between the city of Atchison, in the state of Kansas, and the city of Hannibal, in the state of Missouri, and particularly through and between the city of St. Joseph, in Buchanan county, and the town of Easton, in said county, and state of Missouri.

"Plaintiff states that the defendant, on the fifteenth day of April, 1879, by its servants, agents, and employes, carelessly, negligently, unskillfully, and recklessly, ran one of its engines and trains of cars upon and over the

said Edward B. Barker, and thereby struck and inflicted grievous bodily injury upon the said Edward B. Barker, by reason of which the said Edward B. Barker was then and there instantly killed.

"Plaintiff states that said Edward B. Barker, was run over and killed, as aforesaid, within one year before the commencement of this suit, and at a point on defendant's railroad track between the said city of St. Joseph, and the said town of Easton, about one mile southeast of the said city of St. Joseph.

"Plaintiff states that the deceased, Edward B. Barker, was run over and killed, as aforesaid, by the defendant, without any fault or negligence whatever on the part of the said deceased.

"Wherefore, plaintiff prays judgment against defendant for the sum of five thousand dollars, according to the statute in such case made and provided, together with the costs of this action."

The answer of defendant was as follows:

"Defendant, for answer to plaintiff's petition, denies each and every allegation therein, excepting, only, the allegation that defendant is a corporation. Defendant, for further answer, says, that the injury sued for was not occasioned by any negligence or default of the defendant, or its servants, or agents, but by the carelessness and negligence of the deceased, Edward B. Barker."

The reply of plaintiff was a general denial of the new matter contained in the answer. The trial resulted in a verdict in plaintiff's favor, for the sum of five thousand dollars. The defendant filed, in due time, its motion for a new trial and in arrest, assigning in the latter, among others, the ground that the petition did not state facts sufficient to constitute a cause of action. Both of said motions were overruled, judgment was entered upon the verdict, and the case appealed to this court.

The plaintiff and her deceased husband resided near defendant's track, about two or three miles from St.

Joseph, and about eight or nine o'clock, in the morning of April 15, 1879, the plaintiff's husband, while walking along the track, in the direction of St. Joseph, and about one hundred yards from his residence, was run over and killed by one of defendant's passenger trains, coming from the east and going to St. Joseph. This action was begun in the circuit court of Buchanan county, April 9, 1880, or a year, lacking a few days, thereafter. The object of the action was to recover damages for the husband's death, occasioned, as alleged, through defendant's negligence in running said train. In the view we take of a controlling question presented by the record, we deem the foregoing a sufficient statement of the case.

It will be observed that the suit was instituted more than six months after the death occurred, but within the year, and that there is no averment in the petition that there were no minor children, and, we may further add, that there is nothing in the evidence or record that discloses whether or not there were such minor children. The statute provides that such damages as are here sought to be recovered may be sued for, "first, by the husband or wife of the deceased ; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased ; or, third, if such deceased be a minor, and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment ; or, if either of them be dead, then by the survivor." R. S., 1879, sec. 2121. Section 2125, Revised Statutes, provides that every action instituted by virtue of the preceding section of the chapter shall be commenced within one year after the cause of such action shall accrue.

It is contended, for the appellant, that the right of action is vested, and only remains in the wife, absolutely, for the said period of six months, and that her right to sue, after the expiration of the six months, is conditional

on the fact whether or not there are minor children, and that the petition is fatally defective, for the want of a further averment, alleging that there were no minor children. On the other hand, it is contended, for the respondent, that the provisions of the statute, as to the time in which the wife may bring her action, are not conditions, but are in the nature of a limitation, only— that they merely affect the remedy, and limit the enforcement of the right—and that the lapse of the six months being such a limitation, it was not necessary for the plaintiff to allege the non-existence of minor children in the petition; but that the same was a defence to be pleaded and proved by defendant. This presents the controlling question, to which reference has been already made.

It may be observed that damages for a tort to the person, resulting in death, were not recoverable at common law, nor could husband or wife, parent or child, recover any pecuniary compensation therefor against the wrong-doer. Our statute, on this subject, both gives the right of action, and provides the remedy, for the death, where none existed at common law, and where an action is brought, under the statute, it can only be maintained subject to the limitation and conditions imposed thereby. In conferring the right of action, and in providing such remedy, in designating when, and by whom, suits may be brought, it was, as a matter of course, competent for the legislature to provide and impose such conditions as it might deem proper, and the conditions thus imposed modify and qualify the right of recovery, or form, rather, we think, a part of the right itself, and upon which its exercise depends. In the statute which creates the right of action, and in the same section in which the statutory right and remedy is thus conferred upon the husband or wife, it is further provided, by the second sub-division, as we have seen, that, if there be no husband or wife, or he or she fails to sue in six months

after the death, the right of action therefor shall be vested in the minor children of the deceased, if there be such. This provision is not, we think, merely a *limitation* or bar to the *remedy* of the wife, but is a bar to the *right* itself, if there are minor children, and the existence, or non-existence, of such minor children is to be held, we think, as of the *substance* of the right of the wife to sue after the six months have expired: The right of the husband or wife to sue is absolutely for and during the six months after the death. Thereafter, it is within the year, as we think, a conditional right. It is not a proviso, exception, or limitation, enacted in a separate clause or section, but is incorporated, as we have said, in the statute and section which gives the right of action and authorizes her to sue and recover the damages. That this proviso, or condition, is something more than a mere limitation upon the remedy of the widow, is, we think, more apparent from a further consideration of the section, and the other clause thereof. For example, the right of the parents to sue under the third sub-division is based upon the fact whether the deceased was a minor, unmarried, which are, we think, conditions precedent to a recovery on the part of the parents. Suppose, for example, that, in an action by them, under the statute, it was neither averred in the petition nor proved on the trial, that the deceased was a minor, and unmarried, could a recovery be had? Again, suppose, for example, the minor child or children brought the action within six months from the death ; or, suppose further, that such minor children instituted suit after the expiration of the six months, and it was neither alleged in the petition nor shown by the evidence, that there was no husband or wife, or that the husband or widow, as the case might be, had failed to sue in the six months.

In none of these cases could a recovery, as we think, be properly had ; or, again, suppose that, as a matter of fact, there are in this case minor children, and, as we.

have said, there is nothing to show whether there are or not, and there is, we think, no presumption of law or fact to be indulged, as to whether there are or not, could they be deprived or barred of their right of action, expressly conferred upon them by the statute and duly brought within the year, by a recovery on the part of the widow in an action brought by her after the expiration of the six months? We think not. 31 Mo. 574. So in the case now before us, where the action is brought by the widow after the expiration of the six months, her right to maintain the same is conditional and depends on the non-existence of the minor children, a material and necessary fact, as we think, and which was not alleged or proved. Section 2125, above set out, is, we think, a statute containing a limitation of time only, and applies to the remedy or enforcement of the rights conferred by the damage act. Its existence as a bar depends, not upon the existence of any party, or upon anything else beside the mere lapse of the period of time designated. In regard to such statutes, and other statutes of limitations of like import, not thus coupled with, or annexed to, the right of action, the grounds urged by respondent, and the authorities cited, in the main apply, we think, with more force.

As in our judgment the fact, if such it is, that there was no minor child, was one material and necessary to be shown, to entitle the plaintiff to recover in this action, which was begun after the six months had expired, and as there was no evidence offered in that behalf, the instruction in the nature of a demurrer to the evidence, asked by the defendant at the close of the evidence, should have been given. And in the absence of the proper averment in the petition, and in the failure of the proof as to whether there were such minor children, we feel constrained to reverse the judgment and remand the cause. Authorities are not wanting, we think to support these views. Some of them are referred

to in the brief of appellant, but, as we are led to the conclusion we have reached, by a construction of our statute on the subject, the authorities need not all be specially cited or quoted. *Railroad v. Hine, Adm'r*, 25 Ohio St. 629, 634 ; Wood on Lim. of Act., sec. 9, p. 23.

Our own court has had occasion to construe the statute in question ( section 2121, *supra* ), in cases somewhat kindred to this. In the case of *Coover v. Moore*, 31 Mo. 574 and 576, it was held that, where the person killed left minor children, if the husband or wife of the deceased failed to sue within six months after the death, the right of action of the wife or husband is barred and gone, and that of the minor children vested absolutely. It is further said, that, " there being thus no general right of recovery, open to all persons, representing the estate of the deceased, or interested in his life, *only* such persons can recover *in such time, and in such manner*, as is set forth in the statute." In the case of *McNamara v. Slavens*, 76 Mo. 329, where " M." being killed, through the alleged negligence of defendant, his widow brought an action against defendant, which action she voluntarily dismissed. The minor children, after the expiration of six months from the death of the father, commenced another action ; it was *held*, this action would not lie, as the wife had not "*failed to sue*" within the statute. In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements, necessary to confer the right, and this must appear in his petition ; otherwise, it shows no cause of action.

For these reasons, the judgment of the circuit court is reversed and the cause remanded. All concur, except Sherwood, J., absent.