SARAH J. SPARKS, Respondent, v. KANSAS CITY,
SPRINGFIELD & MEMPHIS RAILROAD COMPANY,
Appellant.

St. Louis Court of Appeals, May 8, 1888.

1. PRACTICE—INSUFFICIENT AVERMENTS.—There can be no recovery
under Revised Statutes, section 2122, of damages for the death of
the plaintiff's minor son, when it is neither averred nor proved
that the deceased left no widow or surviving children. The objec-
tion is not waived by pleading over, and may be presented by
demurrer to the evidence, or by a motion in arrest.

2. NEGLIGENCE — DEFECTIVE MACHINERY. — Where there was no
evidence tending to show that the machinery by which the plain-
tiff's son lost his life was of defective construction, or that it was
improperly adjusted, or insufficiently oiled, or that the defend-
ant's officers or agents knew of any latent defects therein,
and where it affirmatively appeared that the deceased voluntarily
assumed a dangerous and unnecessary position in handling the
machinery, and that if he had exercised the most ordinary care he
would have handled it in a different manner and would not have
been hurt, it results, as a matter of law, that the plaintiff showed
no right of recovery, and that this court should reverse the judg-
ment in her favor, without remanding the cause.

APPEAL from the Oregon Circuit Court, HON. J. F.
HALE, Judge.

*Reversed.*

WALLACE PRATT, OLDEN & GREEN, and C. B.
McAFEE, for the appellant: Under the evidence in this
case the court below should have taken the case from
the jury by giving defendant's first instruction asked at
the close of plaintiff's case and renewed again at
close of evidence. *Powell v. Railroad*, 76 Mo. 80 ;
*Yarnall v. Railroad*, 75 Mo. 575 ; *Bell v. Railroad*, 72
Mo. 57 ; *Railroad v. Ritchey*, 102 Pa. St. 425 ; *Railroad
v. Senpyer*, 92 Pa. St. 276 ; *Railroad v. Holmes*, 5 Col.
197. When the plaintiff in making out his case clearly

establishes that the injury he complains of was as much the result of his own negligence as that of the party of whose negligence he complains, he cannot recover. *Milleum v. Railroad*, 86 Mo. 189; *Buesching v. Gas Co.*, 73 Mo. 229. There is no conflict in the evidence that this switch could be handled safely by the exercise of ordinary care. There is no evidence that this switch was dangerous or unfit for use, and defendant ought to have judgment here on this point. The court improperly admitted testimony tending to show that defendant may have made changes in this switch after the accident. There was no evidence that the switch was defective, unsafe, or dangerous, and permitting such evidence to go to the jury was in effect telling them that, "this act of defendant is an admission of that which plaintiff has failed to otherwise prove, viz., that something was wrong with the switch or defendant would not have made changes after the accident." Besides, the evidence was inadmissible for any purpose. *Cramer v. City*, 45 Iowa, 627; *Switland v. Tel. Co.*, 27 Iowa, 434; *Hudson v. Railroad*, 8 A. & E. R. R. Cases, 464. The petition does not state facts sufficient to constitute a cause of action. The language of the statute is: "That if deceased be a minor and unmarried, then the father and mother, or the survivor may sue." Rev. Stat., secs. 2121, 2123. The right of action being created by statute, one who sues must bring himself within the statutory terms. *McNamara v. Slavins*, 76 Mo. 329; *Baker v. Railroad*, 91 Mo. 86. The petition fails to state that deceased was a minor and unmarried, nor is there anything averred from which it could be inferred that he was unmarried, and herein it fails to state a cause of action. *Dulany v. Railroad*, 21 Mo. App. 597.

MAXEY, VANWORMER & WINNINGHAM, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court. This is a statutory action under the provisions of

section 2122 of the Revised Statutes. The action is brought by the sole surviving parent to recover damages for injuries resulting in death, caused to her minor son, an employe of the defendant, by defect in the machinery for setting a switch. The answer consists of a general denial and the plea of contributory negligence.

Plantiff's right to bring the action is stated in the petition as follows: "Plaintiff states that she was the mother of Harry Barton, and that his father is dead, and was dead on the eighteenth day of November, 1885; that said Harry Barton was on said eighteenth day of November, 1885, a minor under the age of twenty-one years, and plaintiff's only child living."

The defect in the switch machinery is stated as follows: "That the spring lever of said switch was too stiff to be used with safety in a switch, and also that said spring lever was screwed up too tight; so that when plaintiff's minor son Harry Barton unlocked said switch as aforesaid and proceeded to open or set said switch by and with said spring lever, said spring lever by reason of the defectiveness aforesaid, caused the handle of said switch, as plaintiff's minor son Harry Barton took hold of and pressed against it to open or set it, to come or fly against him with great force, striking him on the side and belly, then and there, thereby causing immediate death; that it was the duty of said defendant to keep said switch in good condition, that is to say,—said defendant should have oiled the machinery of said switch, and loosened the screw or tap on said spring lever, so that said switch would have been in a safe working condition; all of which said defendant negligently failed to do.

"That said switch machinery was unsafe, defective and unfit for use by reason of not being oiled and by reason of said spring lever being screwed up too tight, and that defendant knew of said defects as aforesaid, or by the exercise of ordinary care and diligence could have known of it."

VOL. xxxi—8

The trial resulted in a verdict and judgment for the plaintiff in the sum of fifteen hundred dollars.

The defendant assigns for error that the petition states no cause of action in this, that it fails to state that the plaintiff's son was unmarried at the date of his death. There was no allegation to that effect in the petition, nor was there any evidence tending to prove it. As the action is statutory, and plaintiff's right to sue depends on the fact that the deceased left neither widow nor surviving children, the omission to aver and prove such fact is fatal to plaintiff's recovery. This has been repeatedly decided, and it has been held that the objection is not waived by pleading over, but is sufficiently saved by demurrer to the evidence or motion in arrest. *Barker v. Railroad*, 91 Mo. 86 ; *Dulaney v. Railroad*, 21 Mo. App. 597.

This of itself necessitates a reversal of the judgment. The defendant contends that the cause should not be remanded because it affirmatively appears by the plaintiff's evidence that the deceased was guilty of contributory negligence, and because it does not appear that the defendant was guilty of any.

The only evidence offered to sustain the charge of defendant's negligence was evidence of the fact that the switch machinery worked hard. There was no evidence whatever tending to show any defect in its original construction, nor that the spring lever was too stiff to be used with safety, nor that it was screwed up too tight, or not sufficiently oiled ; nor was there any evidence that the officers or agents of the company knew anything of any latent defects if they had existed. On the other hand, there was affirmative evidence, in the testimony of plaintiff's own witnesses, showing that the deceased voluntarily and unnecessarily assumed a dangerous position in trying to set the switch ; that he stood with his belly up to the plate, and could not have been hurt if he stood further back ; that he took hold of the lever with one hand, whereby it slipped ; that he could have stood out of the way and taken hold of the lever with both

hands, and it would not have hurt him ; that the stiffer a switch is, the safer it is for the operator, as he has to get more out of the way to handle it. In fact, the testimony of the plaintiff's own witnesses is conclusive that if the deceased had exercised the most ordinary care, he could not have been hurt, even conceding that there was some defect in the machinery of the switch.

It appeared further that the deceased had for years prior to this accident been in the defendant's employ, and for a number of months preceding it, was acting as brakeman on a train continually running over this switch, and that he was a very strong, healthy boy over eighteen years of age.

Under these circumstances, the plaintiff's evidence left nothing for the jury to pass upon. There was no dispute about the facts, and it was the duty of the court to declare the only admissible inference from these facts. *Boland v. Railroad*, 36 Mo. 484, 491 ; *Bell v. Railroad*, 72 Mo. 50, 57. Even if there had been some evidence of negligence on defendant's part, the plaintiff could not recover, since the evidence offered on her part raised a necessary inference of contributory negligence on part of the deceased. *Yarnall v. Railroad*, 75 Mo. 575 ; *Powell v. Railroad*, 76 Mo. 80.

We see no warrant in the evidence justifying us to remand the cause. Judgment reversed. All concur.