MCINTOSH *et al.* v. THE MISSOURI PACIFIC RAILWAY
COMPANY, *Appellant.*

DIVISION ONE.

1. **R. S. 1879, Sec. 2121:** ACTION FOR DAMAGES: PLEADING: PRAC-
TICE. One who claims damages for the death of another, under
Revised Statutes, 1879, section 2121, must, both by his pleading
and his proof, bring himself within its terms.

2. ————: ACTION BY PARENTS FOR DEATH OF MINOR CHILD: PLEADING.
The right of parents to maintain an action, under said section
2121, for damages for the death of their minor son, depends in part
upon the facts that he left neither widow nor minor children sur-
viving him, and unless these facts are alleged either directly or
inferentially the petition will be fatally defective.

*Appeal from Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

REVERSED AND REMANDED.

*Adams & Buckner* for appellant.

(1) The defendant's instruction in the nature of a
demurrer to the evidence should have been given.
*Jackson v. Railroad*, 14 S. W. Rep. 54; *Railroad v.
Gowen*, 85 Tenn. 465; *Railroad v. Hussen*, 101 Penn.
St. 1; *Scott v. Railroad*, 14 Oregon, 211; *Railroad v.
Plunkett*, 25 Kan. 188; *Day v. Railroad*, 42 Mich. 523;
*Railroad v. Johnson*, 102 Ind. 352; *Lathrop v. Rail-
road*, 150 Mass. ——; *Boyle v. Railroad*, 23 N. E. Rep.
827. (2) The petition does not state a cause of action,
in that it fails to allege that the deceased minor son of
plaintiffs was, at the time of his death, unmarried, and
defendant's motion in arrest of judgment should have
been sustained. *Barker v. Railroad*, 91 Mo. 86; *Dula-
ney v. Railroad*, 21 Mo. App. 597; *McNamara v. Sla-
vens*, 76 Mo. 329; *Railroad v. Hine*, 25 Ohio St. 629.

*Warner, Dean & Hagerman* for respondents.

(1). The right of the plaintiffs to recover in this case rests upon the broad basis that the company knew of this dangerously loaded car, knew that the switchman was inexperienced, and yet ordered and directed him to make the unusually dangerous coupling without warning him of the danger. *Lewis v. Railroad,* 59 Mo. 495; *Hall v. Railroad,* 74 Mo. 298; *Moore v. Railroad,* 85 Mo. 588; *Stephens v. Railroad,* 96 Mo. 270; *Ross v. Railroad,* 112 U. S. 377. The cases cited by the appellant in the first point of their brief are not decisive of the questions in this case. (2) The court did not err in overruling defendant's motion in arrest of judgment. The testimony conclusively proved that plaintiffs' son was a minor and unmarried. The demurrer to the evidence admits the truth of that fact. If the court below had sustained the motion in arrest, it would instantly have allowed plaintiffs to amend their petition to conform to the facts which were proved, under the statute of jeofails ( R. S. 1889, secs. 2098, 2100, 2101 ), and under these sections this court could and should, in furtherance of justice, if deemed at all necessary, even at the present time, permit such amendment.

BARCLAY, J.—The plaintiffs are the parents of John McIntosh and have brought this action as such under section 2121 ( R. S. 1879), to recover damages for his death occasioned, as they allege, by the negligence of the defendant. It took place October 16, 1883. The petition herein was filed, April 12, 1884, within six months thereafter. Besides the facts of the negligence charged, it states his parentage and that he "was a minor under the age of twenty-one years" at the time he died; but it does not state that he was unmarried.

At the opening of the trial, which resulted in a verdict for plaintiffs, defendant objected to any evidence on the ground that the petition did not state a cause of

McIntosh v. The Mo. Pac. Ry. Co.

action ; but the point was overruled and exception duly saved.

Later plaintiff offered evidence to prove that deceased was unmarried to which defendant objected, "as incompetent and immaterial under the pleadings," but the court admitted the testimony and defendant excepted at the time.

After verdict defendant made the same points (among others) in the motions for new trial and in arrest, which being overruled were followed by the present appeal.

It was expressly held in *Barker v. Railroad* (1886), 91 Mo. 86, that any person claiming statutory' damages for the death of another, under section 2121 (R. S. 1879), must, both by pleading and proofs, bring himself within its terms. Here the action was brought within the time (six months) during which the widow of deceased (had he left one) would have had the exclusive right to sue. Yet, the petition does not even show that he was unmarried when he died.

The right of the parents to maintain the action depends in part on the facts that he left neither widow nor minor children surviving him, and those facts should be alleged and proved if denied. If it appeared from the petition that the deceased was of such tender years as to justify the inference that he was unmarried and childless at his death it might suffice in view of the code rules requiring a liberal construction of pleadings (R. S. 1889, sec. 2074), and directing courts to consider substance rather than form (R. S. 1889, sec. 2117), but this petition permits no such inference. Its allegations indicate that he was employed as a switchman and brakeman in defendant's railway yards at Kansas City and was coupling cars when fatally injured. From these statements it cannot fairly be inferred that he was too young to be married. In the absence of some showing, direct or inferential, that he was unmarried, this petition is fatally defective.

Had evidence to that point been received at the trial, without objection, other principles might apply than those which must govern the case as made by the present record. But defendant entered a proper specific objection and saved exception to the admission of the evidence that deceased was unmarried, as being unwarranted by the pleadings, and the trial court should have sustained that objection.

The principles declared in *Barker v. Railroad* are decisive of this appeal, and from them it follows that the judgment must be reversed and the cause remanded. All the judges of this division concur.