CASE, Appellant, v. CORDELL ZINC & LEAD MINING COMPANY, Respondent.

### St. Louis Court of Appeals, December 15, 1903.

1. **DAMAGES: Action By Widow for Death of Husband: Minor Children.** Under secs. 2864 and 2865, Revised Statutes 1899, a widow can not maintain a suit for damages for the wrongful death of her husband, if such suit is commenced more than six months after such death, without alleging and proving that he left no minor children surviving him.

2. ———: ———: ———: **Evidence.** Where the plaintiff in such a case testified that she had a former husband and a minor child, nothing appearing in the evidence to show to which husband the child should be credited, and she said of her last husband: "He provided well for me and my child," it is not sufficient to establish the fact that deceased left no minor child.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*G. D. Clark* and *Allen & Rathbun* for appellant.

*W. R. Robertson* and *Edgar P. Mann* for respondent.

This suit having been brought by the wife of the deceased more than six months after his death, it was necessary for the plaintiff to prove that the deceased left no minor child or children surviving him. R. S. 1899, secs. 2864 and 2866; McIntosh v. Railway, 103 Mo. 133; Booker v. Railway, 91 Mo. 90.

BLAND, P. J.—Plaintiff sued to recover damages on account of the death of her husband occasioned, as alleged, by the negligence of the defendant in furnishing deceased, while in its employ, with an unsafe and dangerous tamping bar to be used by deceased in tamping dynamite in drilling holes in defendant's mine. Plaintiff's husband was killed in defendant's mine on October 2, 1900 by the premature explosion of a dynamite charge in a drill hole. The suit was commenced on April 24, 1901.

After all the evidence was heard plaintiff was forced to take a nonsuit by the ruling of the circuit court on the evidence. After an unsuccessful motion to set aside the involuntary nonsuit plaintiff appealed.

It is alleged in the petition that the deceased left no minor child or children surviving him, but there is not to be found in the record a syllable of evidence proving this allegation. The suit was commenced more than six months after the death of plaintiff's husband. The action is founded on section 2865, R. S. 1899. The persons upon whom the right to sue is conferred by this section and the limitations as to time in which suit may be brought are found in the next preceding section (2864) which in this respect provides that the action may be brought: "First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death,

then the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased.''

. . .

In Barker v. The Hannibal & St. Joseph R'y Co., 91 Mo. l. c. 92, the Supreme Court, referring to section 2864, said: ''This provision is not, we think, merely a limitation or bar to the remedy of the wife, but is a bar to the right itself, if there are minor children, and the existence, or non-existence, of such minor children it to be held, we think, as of the substance of the right of the wife to sue after the six months have expired.'' This construction of the statute was approved and followed in McIntosh v. Railway, 103 Mo. 131; Sparks v. Railroad, 31 Mo. App. 111; Dulaney v. Railway, 21 Mo. App 597.

The suit having been commenced more than six months after the death of her husband it was indispensable to her right to maintain the suit to both allege and prove that her husband left no minor child or children surviving him. It is alleged in the petition that no minor child or children were left surviving the deceased. The plaintiff, in her evidence, shows that she had been married before marrying the deceased and that she has a minor child, but to which of her husbands this child is to be credited does not distinctly appear in the record. In referring to her last husband, she said: ''He provided well for me and *my* child.'' From this expression, the inference might be drawn that the child was by her first husband; had it been by the last husband, she would most likely have said: ''He (her last husband) provided well for me and *our* child.'' However, the paternity of the child is not made sufficiently clear by the record to warrant us in concluding that deceased left no minor child surviving; failure to make this clear was fatal to plaintiff's case and compelled the nonsuit that was forced upon her.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.