MARY JACKSON et vir, Respondents, v. LI'NCOLN MINING COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. **DEATH BY THE WRONGFUL ACT: Pleading: Petition: Minor Children.** A petition by the parents to recover for the death of the minor son alleged that he "was under the age of 21 and was a single and unmarried man." *Held*, the petition sufficiently states a cause of action and it is not necessary to aver that the son left no minor children surviving him.

2. **Master and Servant: Fellow-Servants: Who Are.** Two tubmen, one at the top and the other at the bottom of the mining shaft, who are co-operating in the removal of dirt from the face of the drift in the mine to the mill on the surface, though under distinct foremen are fellow-servants and the master is not

liable for the negligence of the one at the top by which the one at the bottom is killed.

3. ———: ———: Safe Place to Work.·· The fellow-servant rule does not apply where the accident arises from the master's failure to furnish a safe place and instrumentalities of work; but *held*, there was no failure to furnish a safe place and appliances for the work.

Appeal from Iasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

REVERSED.

*W. R. Robertson* for appellant.

(1)    This being a suit under sections 2864 and 2865, Revised Statutes 1899, it was incumbent upon plaintiffs to both allege and prove that deceased left no child surviving. Barker v. Railway, 91 Mo. 86; McIntosh v. Railway, 103 Mo. 133; Sparks v. Railway, 31 Mo. App. 114; Dulaney v. Railway, 21 Mo. App. 597; Parsons v. Railway, 94 Mo. 294. (2) It may be conceded that the person in charge of the car at the mouth of the shaft left the pin out of the axle of the car, and that the accident was thereby caused, yet the testimony was undisputed that there was no scarcity of such pins which caused the absence of one in the axle at this particular time, but if there was any neglect it was on behalf of the person operating the car, consequently, the matter is resolved into the negligence of a fellow-servant. Jones v. Packet Co., 43 Mo. App. 407; Bowen v. Railway, 95 Mo. 277; Mfg. Co. v. Erling, 148 Ill. 521; Creegan v. Marston, 27 N. E. (N. Y.) 952; McGee v. Cordage Co., 139 Mass. 445; Soderman v. Kent, 40 N. E. (N. Y.) 212. (3) The deceased and the person in charge of the tub and car at the mouth of the shaft were fellow-servants, consequently, the neglect of the person in charge of the car at the top to keep the necessary pin in the axle of his car, when he was furnished with the same, would not

render the defendant liable.  McCarty v. Hotel Co., 144 Mo. 397; Grattis v. Railway, 153 Mo. 380; Moran v. Brown, 27 Mo. App. 487; Gibson v. Railway, 46 Mo. 169. (4) Plaintiffs' testimony offered tending to prove that the carwheel dropped into the shaft; that a linchpin had been left out of the axle of the car before the alleged accident, and the tub in being hoisted struck the car, does not prove negligence of defendant.  Plefka v. Knapp, Stout & Co., 145 Mo. 316; Breen v. Cooperage Co., 50 Mo. App. 202.

*McAntire & Scott* for respondents.

(1) Plaintiffs brought themselves within the statute and within the principle announced previously by this court and the Supreme Court of this State by pleading and proving that on and prior to the date of their son's death he was a single and unmarried man.  R. S., subdiv. 3, secs. 2864, 2865, 2866; Dulaney v. Railway, 21 Mo. App. 597; Barker v. Railway, 91 Mo. 86; McIntosh v. Railway, 103 Mo. 133; Parsons v. Railway, 94 Mo. 290; Hennesy v. Brewing Co., 145 Mo. 104.  (2) The cases of Barker v. Railway, 91 Mo. 86; McIntosh v. Railway, 103 Mo. 133 and Parsons v. Railway, 94 Mo. 290, and Dulaney v. Railway, 21 Mo. App. 597, do not sustain appellant's contention that it was incumbent upon plaintiffs to allege and prove that deceased left no child surviving.  (3) The master will be liable for injuries arising from defects in the place of work or in the machinery, appliances, etc., which are known to him or which would have been known by the exercise of ordinary care on his part.  Rodney v. Railway, 127 Mo. 676; Sickinger v. Philibert Co., 129 Mo. 590; Coontz v. Railway, 121 Mo. 652; Williams v. St. L. Co., 119 Mo. 316. (4) And this is true although the negligence of a fellow-servant of the person injured contributed to the accident.  20 Am. and Eng. Ency. Law (2 Ed.), p. 92; Ryan v. McCully, 123 Mo. 636; Young v. Schickle Co., 103

Mo. 423; Henry v. Wabash Co., 109 Mo. 488; Browning v. Wabash Co., 124 Mo. 55. (5) The fellow-servant rule can not apply where the accident arises from the master's failure to discharge such positive duties as providing a safe place, safe machinery, appliances, reasonable inspections, etc. Ryan v. McCully, 123 Mo. 636; 20 Am. and Eng. Ency. Law (2 Ed.), p. 904. (6) They are not fellow-servants who are engaged in different and distinct departments of work. Relyea v. Railway, 112 Mo. 86; Long v. Railway, 65 Mo. 225; Cobb v. Railway, 149 Mo. 699; Jones v. Packet Co., 43 Mo. App. 398. Plaintiff's testimony clearly proved: That the cause of their son's injury and death was the carwheel which fell down the shaft; that the cause of the carwheel's falling down the shaft was the absence of any appliance to keep it on its axle; that it was defendant's duty to have used ordinary care to have maintained such appliance to keep it on the axle; that defendant's neglect of such positive duties to deceased was the cause of the carwheel not having been supplied with any appliance to have kept it from falling off its axle and down the shaft. (7) Plaintiff's proof, together with all the other facts proven, were certainly sufficient. Browning v. Railway, 124 Mo. 55; Coontz v. Railway, 121 Mo. 652. (8) The thing speaks for itself. The doctrine of *res ipsa loquitur* applies here. Dougherty v. Railway, 81 Mo. 325; Seiter v. Bishoff, 63 Mo. App. 157; Gallagher v. Edison Co., 72 Mo. App. 576; Moore v. Karte, 77 Mo. App. 500.

SMITH, P. J.—Plaintiffs, the mother and father of Carl J. Jackson, brought this action under sections 2864, 2865, 2866, Revised Statutes, to recover damages for his death which was occasioned by the alleged negligence of defendant. The petition, in addition to the facts constituting the negligence, alleged that the said Carl J. Jackson was the plaintiffs' son on whom they were dependent for support and "who was under the age of twenty-one years and a single and unmarried man."

The judgment, which was for plaintiff in the court below, is here assailed by defendant on the ground that the petition does not allege that the plaintiffs' deceased son left no child surviving him. The defendant filed in the court below a motion in arrest based on the ground that the petition did not state facts sufficient to constitute a cause of action, which was overruled; but whether or not such motion was filed in and overruled by that court is unimportant since the defendant has the right for the first time here to question the fundamental sufficiency of the petition. Revised Statutes, sec. 602; Epperson v. Tel. Co., 155 Mo. 346; Ball v. City of Neosho, decided by us at present term.

The statute already referred to provides that the damages may be sued for first by the husband or wife of the deceased; or, if there be no husband or wife, or, if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father and mother who may join in the suit, or, if either of them be dead, then by the survivor. In Barker v. Railway, 91 Mo. 86, the petition alleged that plaintiff "was the widow of the deceased Barker." In the course of the opinion in the case it was said:

"So in the case now before us, where the action is brought by the widow after the expiration of the six months, her right to maintain the same is conditional and depends on the non-existence of the minor children, a material and necessary fact, as we think, and which was not alleged or proved. . . . As in our judgment the fact, if such it is, that there was no minor child, was one material and necessary to be shown, to entitle the plaintiff to recover in this action, which was begun after the six months had expired, and as there was no evidence offered in that behalf, the instruction in the nature of a demurrer to the evidence, asked by the defendant at the close of the evidence, should have been

given. And in the absence of the proper averment in the petition, and in the failure of the proof as to whether there were such minor children, we feel constrained to reverse the judgment and remand the cause.''

McIntosh v. Railway, 103 Mo. 131, was a suit by the husband and wife, as here, to recover damages under the statute for the death of a son alleged to have been occasioned by the negligence of the railway company. The petition *inter alia* alleged that the deceased was the son of plaintiff and a ''minor under the age of twenty-one years'' at the time of his death. In the opinion it was said: ''The right of the parent to maintain the action depends in part on the facts that he left neither widow nor minor children surviving him, and those facts should be alleged and proved if denied. If it appeared from the petition that the deceased was of such tender years as to justify the inference that he was unmarried and childless at his death it might suffice, in view of the code rules requiring a liberal construction of pleadings —Revised Statutes 1889, sec. 2074—and directing courts to consider substance rather than form, Revised Statutes 1889, sec. 2117, but this petition permits no such inference. Its allegations indicate that he was employed as a switchman and brakeman in defendant's railway yards  .  .  . when injured. From this statement it can not fairly be inferred that he was too young to be married. In the absence of some showing direct or inferential that he was unmarried, the petition is fatally defective.''

In Sparks v. Railway, 31 Mo. App. 111, which was also an action under the statute to recover damages for the death of the plaintiff's son, the petition alleged that plaintiff ''was the mother of deceased and that his father was dead at the time of the accident,'' and that deceased was then ''a minor under the age of twenty-one years and plaintiff's only child living.'' The defendant questioned the sufficiency of this petition on the ground

that it failed to state a cause of action, "in that the plaintiff's son was unmarried at the date of his death." In the opinion it was said that, "there was no allegation to this effect in the petition, nor evidence tending to prove it. As the action is statutory, and the plaintiff's right to sue depends on the fact that the deceased left neither widow nor surviving children, the omission to aver and prove such fact is fatal to plaintiff's recovery." In Dulaney v. Railway, 21 Mo. App. 597, the petition stated that the plaintiff's minor son was past seventeen years of age, but failed to allege that he was unmarried. And it was held by this court in that case that the petition on account of such failure alleged no cause of action.

Neither of these cases, however, nor any of the others to which we have been cited by defendant's counsel sustain his contention. The petition under review does expressly allege that the deceased—plaintiffs' son—was a minor and unmarried at the time of the accident. There is nothing in the reasoning of the opinion in any of the cases to which we have been referred that would justify the conclusion that in an action of this kind that it is required of the plaintiffs to not only allege that the deceased was a minor and unmarried but that he left no minor children surviving him.

It seems to us that when the petition in addition to the facts of the negligence alleges that the deceased child was a minor and *unmarried* at the time of his death that it states all that is required to constitute a cause of action under the statute. This is prima facie negation of the fact that he left a child or children surviving him.

The evidence tended to show that at the time the plaintiffs' son received the injury resulting in his death he was working in defendant's mine and his duties were to take the tub from the cable which was lowered into the shaft and run it on cars to the face of a drift several feet away, there load it with dirt and return it, hook it

on the cable, have it hoisted five or six feet, steady it and then immediately load an empty tub on its cars and return to the face of the drift. While standing at the bottom of the shaft and after he had attempted to steady a tub which, when it reached the mouth of the shaft, caught on the edge of a car used for running the loaded tub to the mill, the car was thrown off of the track, letting one of its wheels fall off and down into the shaft, at the bottom of which shaft deceased was found with a mortal wound on his head as a result of which he died in a few hours. The evidence adduced at the trial further tended to show that the pin fastening the wheel on the car used on top had been left out. There was also evidence to prove that plenty of pins or nails for that purpose were provided by defendant and at the disposal of the employee operating this car, and that such was the case at and prior to this accident, also that the pin was left out by the boy in charge of the car when he took the wheels off to grease them, and not on account of any scarcity of pins.

It is contended that deceased who was at work at the bottom of the shaft and the man who was at work at its mouth were fellow-servants, and that therefore the negligence of the latter in respect to keeping the linchpin in the axle of the car, and in consequence of which the wheel came off and fell upon the latter occasioning his death, did not render defendant liable.

The deceased and the man handling the tub at the mouth of the shaft were both what is called, in mining parlance, "tub-hustlers." They were under different foremen, the latter of whom were in the employment of a common master. Both "tub-hustlers" were co-operating together in the transportation of dirt from the face of the drift to the mill at the time of the injury. In performing the duties required of each of them they were fellow-servants, though each discharged his respective duty under distinct individuals as the master's representative for direction in his work. At the time of

the injury they were directly co-operating with each other in the particular business in hand and were, accordingly, fellow-servants. Card v. Eddy, 129 Mo. 510; McCarty v. Hotel Co., 144 Mo. 397; Grattis v. Railway, 153 Mo. 380.

We may concede the plaintiffs' contention to the effect that the fellow-servant rule does not apply where the accident arises from the failure of the master to discharge such positive duties as providing a safe place in, and safe instrumentalities with which to do the work required of the servant; but in the present case the defendant was not chargeable with neglect of any such duty. The place, machinery, appliances, etc., furnished the deceased and his colaborer were reasonably safe. We think there was an abundance of evidence adduced showing that the defendant had provided and kept on hand linchpins at all times accessible to such of its employees as should have occasion to use them while engaged in operating its tub cars. There was no omission of duty in that regard. The neglect of the "tub-hustler" at the mouth of the shaft to put in the linchpin which had been removed from his car on the night previous to the injury, was the negligence of a fellow-servant of the deceased for which, under the law, as we understand it, the defendant was not liable.

From these conclusions it must necessarily follow that the defendant's instruction in the nature of a demurrer to the evidence should have been given instead of refused; and for this error the judgment must be reversed. All concur.