MINERVA SHEETS, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY, Appellant.

Springfield Court of Appeals, January 3, 1911.

1. DEATH BY WRONGFUL ACT: Pleading: Evidence: Suit by Widow: Action Brought After Nonsuit: Statute of Limitations. In a suit by the widow against a railroad company for the death of her husband, the petition alleged: "within one year of the nonsuit which she suffered in her former action in this cause, plaintiff files this, her petition, for a new action." It appeared there were minor children, but the petition in evidence is silent as to whether the former action was brought within six months from the date of the death of plaintiff's husband. *Held,* that the petition was defective and was not cured by the evidence after verdict.

2. **PLEADING: Death by Wrongful Act: Statutory Action.** In a statutory action the plaintiff must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition, otherwise it shows no cause of action.

3. **JUDICIAL NOTICE: Record in Former Suit: Evidence: Appeal and Error.** Though a former suit, covering the same cause of action had been tried in the same court before which the latter suit was tried, yet the former suit is not a part. of the record of the latter suit, and could be brought to the notice of the court only by being introduced in evidence, and must be brought to the appellate court by bill of exceptions.

4. **APPEAL AND ERROR: Specific Objections in Trial Court: Pleading: Death by Wrongful Act.** The trial court should have the right and privilege to pass upon all questions involved in the case before they are presented to the appellate court, and the parties should point out to the trial court the specific errors complained of, but in a suit by the widow for the death of her husband, where the petition failed to allege that her suit was brought within the statutory period, she having taken a nonsuit in a former action covering the same cause of action, and the defendant filed a general demurrer to the petition, alleging that it did not state facts sufficient to constitute a cause of action, and made the same point at the opening of the case, and by motions for new trial and in arrest, but did not specify this particular defect; *held*, following the ruling of the Supreme Court, that the point was properly saved for the appellate court.

5. ————: **Pleading: Amendments: Statutory Actions Evidence: Bill of Exceptions.** Amendments to pleadings so as to state a cause of action, must be made in the trial court, and cannot be made in the appellate court. Neither can evidence not preserved in a bill of exceptions be considered on appeal.

6. **RAILROADS: Negligence: Defective Track.** The evidence showed that for several days previous to the date of the accident, a rail on defendant's road was cracked to such an extent that persons not even connected with the road noticed it. The deceased, while riding on an engine as fireman over the road at the point of the broken rail, lost his life by the engine leaving the track on account of this defect. *Held*, that the evidence, if true, showed negligence on the part of defendant railroad company.

Appeal from St. Francois, Circuit Court.—*Hon. Charles A. Killian*, Judge.

REVERSED AND REMANDED.

*Edward A. Rozier* for appellant.

(1)  The petition in this cause is fatally defective for the reason that it does not show that plaintiff has any interest in the damages claimed in such petition. R. S. 1899, sec. 2864.  (2)  The right of action being purely statutory, plaintiff must allege and prove every essential fact showing that she is entitled to the benefits of the statute.  Pier v. Heinrichofen, 52 Mo. 333; State ex rel. v. Matson, 38 Mo. 489; Cutshall v. Mc-Gowan, 98 Mo. App. 705; Casey v. Transit Co., 116 Mo. App. 232; Barron v. Lead & Zinc Co., 172 Mo. 228; McNamara v. Slavens, 76 Mo. 331; Dulaney v. Railroad, 21 Mo. App. 599; Barker v. Railroad, 91 Mo. 86; McIntosch v. Railroad, 103 Mo. 133; 3 Elliott on Railroads, sec. 1359; 8 Am. and Eng. Ency. Law (2 Ed.), 887; Wood's Railway Law, sec. 413; 2 Lewis' Southerland Statutory Construction, sec. 710.  (3) The petition fails to state that plaintiff brought suit within six months from death of her husband.  Oates v. Railroad, 104 Mo. 518; Packard v. Railroad, 181 Mo. 427.  (4)  Plaintiff having proven by the evidence that William Sheets left minor children surviving him and having made no proof that she ever appropriated the cause of action within six months from the death of her husband, has totally failed to state or prove a cause of action.  Case v. Cordell, 103 Mo. App. 477; Coover v. Moore, 31 Mo. 574; Poor v. Watson, 92 Mo. App. 101; Jackson v. Lincoln M. Co., 106 Mo. App. 445; Clark v. Railroad, 219 Mo. 539; Hennesy v. Bavarian Br. Co., 145 Mo. 113; Buil v. Transit Co., 45 Mo. 562; Crocket v. Transit Co., 52 Mo. 467; Senn v. Railroad, 124 Mo. 621.  (5)  Plaintiff having totally failed to introduce any proof as to ever having previously brought a suit or appropriated the cause of action and it appearing from the record in this cause that the

present suit was instituted October 12, 1906, more than one year after the death of her husband, has totally failed to prove any cause of action against defendant. Sparks v. Railroad, 31 Mo. App. 114; Barker v. Railroad, 91 Mo. 86.

*G. O. Nations* and *Marbury & Hensley* for respondent.

(1) Upon the whole record, as presented to this court, respondent's cause of action was instituted within the time prescribed by the statutes in such case made and provided. Having rightfully appropriated this cause of action and adopted the proper legal procedure, her position is unassailable, either in the trial court or in this court on appeal. R. S. 1899, sec. 2864; Laws of 1905, p. 137; R. S. 1909, sec. 5429; Clark v. Railroad, 219 Mo. 524; St. Louis v. Calhoun, 222 Mo. 52; Mason v. Railroad, 125 S. W. 1133; Gibson v. Railroad, 125 S. W. 455. (2) It is fundamental that courts will take judicial notice of their own records in the same cause; hence there was no necessity for averring or proving the filing of the original petition within six months after the death of the husband of respondent. The record in this cause shows that respondent filed her first petition in this cause of action within six months after the death of her husband; therefore, both the trial court and the appellate court will take judicial notice of this fact. R. S. 1899, sec. 631; R. S. 1909, sec. 1833; Barth v. Railroad, 142 Mo. 547; State v. Ulrich, 110 Mo. 355; State v. Jackson, 106 Mo. 177; Dawson v. Dawson, 29 Mo. App. 523; Pelz v. Bollinger, 180 Mo. 262; Bliss on Code Pleading (3 Ed.), secs. 177, 199; 31 Cyc. 47. (3) The petition presents sufficient facts to support the judgment given in this cause, especially when considered under the influence of our statute, which provides that no judgment shall be reversed "for the want of allegation or averment on

account of which omission a demurrer could have been maintained'' or ''for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict.'' R. S. 1899, sec. 672; R. S. 1909, sec. 2119; State ex rel. v. Duncan, 130 Mo. App. 315; Reineman v. Larkin, 222 Mo. 172; Robinson v. Levy, 217 Mo. 518. (4) Respondent states in her petition that ''within one year of the nonsuit which she suffered in her former action on this cause, plaintiff files this her petition for a new action;'' this statement, unassailed by either a general or special demurrer, or by motion to make more definite and certain is sufficient after judgment, and even though it be held necessary that the petition should state when the suit upon which she suffered a voluntary non-suit was appropriated or filed. Nor does a general objection to the introduction of any testimony at the trial have any merit, either at the trial or on appeal. Reineman v. Larkin, 222 Mo. 173; Foster v. Railroad, 115 Mo. 165; Benham v. Taylor, 66 Mo. App. 311; Johnson v. Company, 143 Mo. App. 451; Dodge v. Company, 115 Mo. App. 507; Townsend v. Joplin, 139 Mo. App. 400; Ball v. Neosho, 109 Mo. App. 688. (5) A party cannot lie by and trying a case apparently on one theory, spring a vital point, and endeavor to introduce an entirely new line of defense, for the first time in the appellate court. Nicket v. Railroad, 135 Mo. App. 671; Mitchell v. Railroads, 125 Mo. App. 11; Gordon v. Park, 202 Mo. 248; Riggs v. Railroad, 216 Mo. 318; Perry v. Ford, 17 Mo. App. 212.

GRAY, J.—This is an action by Minerva Sheets, to recover five thousand dollars damages, under section 2864, Revised Statutes 1899, on account of the death of her husband, William Sheets, while an employee of the defendant company in the capacity of a fireman. The accident causing the death of William Sheets is alleged to have occurred on June 6, 1905. The petition

in this case was filed October 12, 1906, and to escape the bar of the Statute of Limitations, the petition alleges: "Within one year of the non-suit which she suffered in her former action on this cause, plaintiff files this, her petition for a new action." There is no other reference to any former action in the petition. The evidence is also silent as to whether the former action was commenced within six months from June 6, 1905. It appears that at the date of the death of plaintiff's husband, there were six minor children born of the marriage between him and plaintiff.

At the conclusion of the plaintiff's case, the defendant offered a demurrer to the evidence, and the same was by the court overruled. The defendant offered no testimony, and the jury, under instructions given by the court at the request of plaintiff and defendant, returned a verdict in favor of the plaintiff in the sum of five thousand dollars.

We have gone through the record and are of the opinion that the judgment should be affirmed, unless it must be reversed on account of the petition and evidence failing to show that the prior suit was commenced within six months from the date of the death of plaintiff's husband. The instructions also ignore this question.

It was held in Barker v. Railroad Co., 91 Mo. 86, 14 S. W. 280, that a wife suing under the statute for the death of her husband, and who brings her suit within a year, but after the expiration of six months from the death of the husband, must show there was no minor child surviving the marriage, or she cannot recover. In the opinion the court used the following language: "In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition; otherwise it shows no cause of action."

The plaintiff in this case did not bring the present suit within six months from the date of the death of her husband. And if the petition had been entirely silent regarding the former suit, then under the decision of the Supreme Court just quoted, it would have failed to state a cause of action. In order to show that plaintiff had not lost her cause of action by failing to commence it within a certain time, she alleged in her petition: ''Within one year of the non-suit which she suffered in her former action on this cause, plaintiff files this her petition for a new action.'' There is no allegation that the former suit was commenced within the time allowed by law. If she did not bring her action within six months from the date of the death of her husband, then inasmuch as the deceased left minor children, her cause of action was gone, and none existed in her favor thereafter.

The evidence is silent as to when the former action was commenced, or as to its nature. All there appears in the evidence relating to the former action, is, on cross-examination of certain witnesses, they were asked if they testified to certain facts at the former trial in August, 1906.

In Packard v. Railroad, 181 Mo. 421, 80 S. W. 951, it is held, where a widow has brought suit for the death of her husband within six months after his death, she can, if she has suffered non-suit, or dismissed the suit, renew the suit within one year against the same party. It is only when the former suit was instituted within six months that a subsequent one may be instituted within one year after a non-suit has been suffered in the former suit.

If the plaintiff had shown by evidence that her former suit was commenced within six months, then we might not reverse the judgment on account of the failure of the petition to plainly allege the facts. But in this case, as we have heretofore stated, there is no

evidence as to when the former suit was commenced.

The respondent contends that inasmuch as the former suit was instituted in the same court, that it was not necessary to make the formal proof, as the court would take judicial notice of the former proceedings.

The rule for our guidance in this matter has been marked out by the Supreme Court in Fitzmaurice v. Turney, 214 Mo. 610, 114 S. W. 504, wherein it is held that the court cannot take judicial notice of the proceedings in a former suit. In passing upon the question, the court said: "Though the former suit had been in the same court, yet it was not a part of the record in that case, and could be brought to the notice of the court only by being introduced in evidence." It is also held in the case just cited, that the proceedings in the former suit must be included in the bill of exceptions and approved by the trial court, in order to be considered by the appellate court.

It is the claim of the respondent that inasmuch as the attention of the trial court was not directly called to the error now complained of, the same should not be considered by this court.

We are in sympathy with the claim made by the respondent in this regard. And if we were not controlled by the decisions of the Supreme Court on the point, we would be inclined to adopt respondent's view. The trial court should have the right and privilege to pass upon all questions involved in the case before they are presented to the appellate court. The parties should point out to the trial court the specific errors or defects complained of, and give that court an opportunity to correct the same before appealing to the higher tribunal. We have searched through this record and find that the trial court's attention was never called to the defect in the petition, or the failure of the proof now complained of. We are satisfied if the question had been presented to the trial court, it

would have directed the plaintiff to amend her petition, and the proof would have been forthcoming to show that plaintiff's cause was first instituted within six months. But under the Constitution of this state when this court is of the opinion that the Supreme Court has decided a question, it is our duty to accept that decision as the law of the state.

In Barker v. Railroad, 91 Mo. 86, 14 S. W. 280, the trial court's attention was not called to the fact that the petition did not allege that the deceased left no minor children surviving him. But in the motion for new trial and in arrest of judgment, it was assigned that the petition did not state facts sufficient to constitute a cause of action. It is shown from the briefs printed in the opinion that the point was raised for the first time in the Supreme Court. The court reversed and remanded the cause, thereby holding that the point had been properly saved.

In the present case, the appellant filed a demurrer challenging the sufficiency of the petition on the ground that it did not state facts sufficient to constitute a cause of action. Also at the opening of the case, the defendant raised the same point, and at the close of the plaintiff's case, and by motion for new trial and in arrest of judgment, the sufficiency of the petition to state a cause of action, and of the evidence to sustain the verdict, were challenged.

The opinion in the Barker case to the effect that the petition must allege, and the proof must show the suit was instituted within the time limited by the statute, has been followed in many cases. [Casey v. Transit Co., 116 Mo. App. 235, 91 S. W. 419; Sparks v. Railroad, 31 Mo. App. 111; McIntosh v. Railroad, 103 Mo. 131, 15 S. W. 80; Dulaney v. Railroad, 21 Mo. App. 597; Jackson v. Lincoln Mng. Co., 106 Mo. App. 441, 80 S. W. 727; Packard v. Railroad, 181 Mo. 421, 80 S. W. 951; Case v. Cordell Zinc & Lead Co., 103 Mo. App.

477, 78 S. W. 62; Cutshall v. McGowan, 98 Mo. App. 702, 73 S. W. 933.]

The respondent has filed in this court an alleged additional abstract of the record, from which it appears that the plaintiff's suit was commenced within six months. And respondent has offered to amend the petition in this court so as to allege such fact. It has ever been the practice in this state, that amendments of this character must be made in the trial court; also that evidence not offered before the trial court cannot be considered by the appellate court. The practice has always been that the bill of exceptions must contain the evidence introduced in the trial court, and that evidence not preserved in the bill of exceptions cannot be considered on appeal. [Sidwell v. Jett, 213 Mo. 601, 112 S. W. 56; Danforth v. Railway Co., 123 Mo. 196, 27 S. W. 715; State v. Eaton, 191 Mo. 151, 89 S. W. 949.]

If authorities could be found authorizing us to affirm the judgment in this case, we would gladly do so. The evidence shows the plaintiff's husband was in the employ of the defendant as a fireman, and that he lost his life while so employed. The evidence further shows that for several days previous to the date of the accident, a rail on the defendant's road was cracked to such an extent that persons not even connected with the road noticed it. The deceased, while riding on an engine in the line of his duty and over the road at the point of the broken rail, lost his life by the engine leaving the track on account of the defective condition thereof. If this evidence is true, plaintiff's husband lost his life through the carelessness and negligence of the defendant, and she is entitled to recover the statutory penalty.

The evidence for our consideration must be preserved in the bill of exceptions. And on account of the failure of the petition in this case to state that the

former suit was commenced within six months from the date of the death of William Sheets, and on account of the total failure of the evidence preserved in the bill of exceptions to show such to be the fact, we must reverse the judgment and remand the cause, granting to the plaintiff the right to amend her petition if she desires to do so. All concur.