THE STATE ex rel. ST. LOUIS BASKET & BOX COMPANY v. GEORGE D. REYNOLDS et al., Judges, of St. Louis Court of Appeals.

Division Two, September 15, 1920.

1. **CERTIORARI: Court of Appeals: Conflict in Opinions.** In *certiorari* directed to a Court of Appeals on the ground that it has refused or failed to follow the last previous ruling of the Supreme Court on some question of law or equity, the Supreme Court does not determine whether said court erred in its application of rules of law to the facts in the record before it, but only whether in announcing the law of the case upon the facts stated in its opinion it failed to follow the last previous ruling of the Supreme Court.

2. **NONSUIT: Renewed Within Year: Defective Pleading.** An allegation in the petition that the death of plaintiff's father was due to

State ex rel. Basket & Box Co. v. Reynolds.

defendant's negligence, that their mother had failed to bring a suit for damages within six months that they had within one year of their father's death brought an action for damages "and that plaintiffs suffered nonsuit in said action," is a defective statement of a cause of action, is subject to amendment, and a judgment thereon will not be reversed because the petition did not specifically allege that the suit was brought within one year after nonsuit suffered, where it was admitted by defendant at the trial that the suit was renewed within a year. A judgment will not be reversed because of the omission of a necessary allegation on account of which omission a demurrer could have been maintained, but was not offered, except in the form of an objection to the introduction of testimony.

3. ————: ————: ————: **Admission.** An admission by counsel for defendant at the trial that the petition was filed within one year after nonsuit suffered, is binding on defendant, whether or not there be an allegation in the petition to that effect, and makes unnecessary proof of the fact; and such admission likewise makes unnecessary an amendment to the petition adding an allegation to that effect. Where a petition defectively states a cause of action, and an amendment supplying a necessary allegation would not change the nature of the action, an admission of the fact by the opposite party makes such amendment unnecessary.

4. **MOTION FOR NEW TRIAL: General Assignments: Instructions.** Assignments in the motion for a new trial that "the court at the instance and request of plaintiffs and over the objection of defendant erred in giving improper and erroneous instructions to the jury" and "the court erred in refusing proper and correct instructions offered and requested by defendant" are sufficient in a civil case to require a review of said instructions on appeal; and the Court of Appeals in ruling that the assignments were couched in language too general to authorize a review of the instructions, failed to follow the decision of the Supreme Court in Wampler v. Railroad, 269 Mo. 464, which disapproves prior ruling on the point, and holds such general assignments are sufficient in civil cases.

5. ————: ————: ————: **Reviewed Nevertheless.** But if the Court of Appeals, in spite of the fact that it ruled the assignments in the motion for a new trial pertaining to the instructions were too general to require a review of them, proceeded nevertheless to review them and determined that no error was committed either in the giving or refusal of instructions, and in so ruling contravened no previous ruling of the Supreme Court, appellant was not harmed, and the judgment of the Court of Appeals will not be quashed, but only so much of its opinion as ruled that the assignments were too general to invite review will be quashed.

*Certiorari.*

RECORD QUASHED (*in part*); AFFIRMED (*in part*).

*Kelley & Starke* and *Charles E. Morrow* for relator.

(1) The petition does not state facts sufficient to constitute a cause of action. It shows upon its face that this suit was brought one year and ten months after the date of the death of deceased. While the petition alleges that plaintiffs had suffered a prior non-suit it does not allege that this action was brought within one year after said non-suit; as required by the statute. The decision of the Court of Appeals on this question is in direct conflict with the following decisions of this court: Chandler v. Railroad, 251 Mo. 592; Clark v. Railroad, 219 Mo. 524. The limitation provided by the Damage Act creating this cause of action (R. S. 1909, secs. 5427, 5429) is not merely a remedy, but is a part of the action itself, and the petition must show that it was brought within the time allowed by law. (2) The petition was attacked by an objection to the introduction of any evidence at the beginning of the trial; again by a demurrer at the close of plaintiffs' evidence, and also at the close of all the evidence in the case. The point was kept alive by a motion in arrest of judgment. But the fact that a petition fails to state a cause of action is jurisdictional and cannot be waived. It can be raised in the appellate court for the first time. The decision of the Court of Appeals on this question is in direct conflict with the following decisions of this court: Alward v. Boatwright, 193 S. W. 568; State ex rel. v. Brewing Co., 270 Mo. 100; McQuitty v. Wilhite, 218 Mo. 591; Hansen v. Neal, 215 Mo. 278; Cantwell v. Lead Co., 199 Mo. 42; Hudson v. Cahoon, 193 Mo. 547; Weil v. Green County, 69 Mo. 281; Chandler v. Railroad, 251 Mo. 592; Nance v. Railroad, 79 Mo. 196; Childs v. Railroad, 117 Mo. 427. The doctrine of the theory of the case tried below does not apply to this question. (3) The admission made by

counsel at the trial that this suit was brought within one year after the nonsuit had only the effect to dispense with proof of the fact. Jones on Evidence, (2 Ed.), sec. 257; Greenleaf on Evidence (16 Ed.), sec. 186. (4) The assignment in the defendant's motion for new trial that the court erred in giving improper and erroneous instructions at the request of the plaintiffs and in refusing proper and correct instructions asked by defendants was sufficient to require a review of the instructions by the Court of Appeals. The decision of the Court of Appeals on this question is in direct conflict with the decisions of this court in Wampler v. Railroad, 269 Mo. 464; Stid v. Railway Co., 236 Mo. 382; Collier v. Lead Co., 208 Mo. 246; State v. Barrington, 198 Mo. 23; State v. Noland, 111 Mo. 473. (5) The instruction permitting the plaintiffs to recover if the negligent acts therein referred to directly contributed to the death of the deceased, without requiring the jury to further find that said negligent acts directly contributed with causes other than the negligence of the deceased himself, is erroneous. The decision of the Court of Appeals on this question is in direct conflict with the decisions of this court in Krehmeyer v. Transit Co., 220 Mo. 639; Hof v. Transit Co., 213 Mo. 445. (6) There was no evidence that deceased was ordered or directed by the defendant to stand upon the wall of the tank, and defendant's instruction withdrawing this matter from the jury should have been given. The decision of the Court of Appeals on this question is in direct conflict with the decisions of this court in Russell v. Barcroft, 1 Mo. 663; Higgins v. Railway Co., 197 Mo. 314. (7) The instructions on the measure of damages approved by the Court of Appeals is erroneous, because it permitted the jury to take into consideration the condition in life of the deceased, as well as the condition of the plaintiffs as shown by the evidence, and is in direct conflict with the decisions of this court in McGowan v. Railroad, 109 Mo. 518; Barth v. Railroad, 142 Mo. 535; McPherson v. Railroad, 97 Mo. 253; Stoher v. Railroad, 91 Mo. 509.

*Leonard & Sibley* and *Otto F. Karbe* for respondents.

(1)   The facts in the case will be ascertained by the Supreme Court solely from the opinion rendered in the case by the St. Louis Court of Appeals.   State ex rel. Douglass v. Reynolds, 209 S. W. 101;   State ex rel. Bankers Life v. Reynolds, 208 S. W. 618;   State ex rel. Met. Ry. v. Ellison, 208 S. W. 443;   State ex rel. St. Regis v. Reynolds, 200 S. W. 1039;   State ex rel. Shawhan v. Ellison, 200 S. W. 1044;   State ex rel. Wahl v. Reynolds, 199 S. W. 978.   (2) The  Supreme  Court will consider one question and only one question, and that is whether  or not the decision of the Court of Appeals is in conflict with the latest previous rulings of the Supreme Court on the same point.   State ex rel. Byrne v. Ellison, 199 S. W. 408;   State ex rel. Wahl v. Reynolds, 199 S. W. 978.   (3) The Supreme Court will not consider any argument directed to the claim that the decision of the Court of Appeals was wrong on the merits and worked injustice.   The Supreme Court is only concerned to see that no decision of the Courts of Appeal establishes a rule of law contrary to a rule of law previously established by the Supreme Court.   State ex rel. Mech. Bank  v. Sturgis, 208 S. W. 458;   State ex rel. Byrne v. Ellison, 199 S. W. 406;   State ex rel. Wahl v. Reynolds, 199 S. W. 978;   State ex rel. Arel v. Farrington, 272 Mo. 157;   State ex rel. Majestic Co. v. Reynolds, 186 S. W. 1073.   (4) Although the opinion of the Court of Appeals conflicts with prior rulings of the Supreme Court in certain particulars, it will not be quashed upon *certiorari* if upon good reasons in law, the judgment directed by it was right.   State ex rel. Am. Mfg. Co. v. Reynolds, 270 Mo. 589.   (5) The writ of *certiorari* was issued on a petition.   The petition is required to set forth the divergence relied on.   Any matters not set forth in the petition will not be considered.   Matters of divergence may not be presented for the first time in

the brief filed for the hearing. State ex rel. Byrne v. Ellison, 199 S. W. 408. (6) Whether or not the evidence justified the giving or refusing of a certain instruction, the contrary not appearing from the facts set out in the opinion of the Court of Appeals, is a matter for the Court of Appeals to pass on and is not a matter for the consideration of the Supreme Court. State ex rel. Natl. News v. Ellison, 176 S. W. 11; State ex rel. Arel v. Farrington, 272 Mo. 163. (7) A petition from which a material averment is omitted, will be amended or considered as though amended, when the fact or facts, averment of which was omitted, are provided by evidence introduced without objection thereto. Appellant, not objecting to the evidence, will be bound to the theory on which he must be considered as having proceeded, viz., that the issue was in the case, and will be held to have waived the right to object to the insufficiency of the petition. State ex rel. v. Scott, 104 Mo. 32; Sawyer v. Railroad, 156 Mo. 468; Bragg v. Railway Co., 192 Mo. 331; Tebeau v. Ridge, 261 Mo. 547; Machinery Co. v. Bottling Co., 273 Mo. 142; L. R. A. 1916D, p. 841. (8) The specifications of error in a motion for new trial that the court "erred in giving improper and erroneous instructions," and "erred in giving each of the instructions," and "erred in refusing proper and correct instructions," are not sufficient to obtain review in an appellate court. But where the court does review them, it is immaterial whether or not the court was correct in expressing the view that the said specifications of error were not sufficient. Maplegreen Co. v. Trust Co., 237 Mo. 350; Kansas City Mfg. Co. v. Bates County, 201 S. W. 92; Wynne v. Wagoner Undertaking Co., 204 S. W. 15; Lampe v. United Rys. Co., 202 S. W. 438; Seitz v. Pelligreen Const. & Inv. Co., 203 S. W. 503; Baker v. Bakewell, 208 S. W. 844; State v. Duestrow, 137 Mo. 44; Chitty v. Railroad Co., 166 Mo. 445; Hanson v. Neal, 215 Mo. 277.

MOZLEY, C.—Writ of *certiorari* issued by this court to the St. Louis Court of Appeals on February 15,

1919, and in obedience thereto the record of said cause is here for review.

Said record consists of the opinion of the St. Louis Court of Appeals, which is reported in 207 S. W. 891. The petition as set out in said opinion (omitting caption) is as follows:

"Plaintiffs state that they are the only lawful children of one John Probst, who was, on or about the 25th day of January, 1913, in the employ of defendant in its said factory and engaged under the guidance and control of defendant, in removing certain logs from a tank or vat filled with boiling water and live steam, which said vat was, at the time, being operated by defendant in connection with its said business.

"Plaintiffs state that at said time said tank or vat was constructed of concrete and was rectangular in shape, with dimensions of about 14 feet by 28 feet; that it was sunk in the ground to a depth of several feet, and projected above the ground to a height of approximately two feet and nine inches; that the top of the walls of said tank were capped by a wooden plank approximately 14 inches wide, which ran around the walls of said tank; that the top of said tank was partly covered with loose planks or boards, and that said tank was not under any roof or other protection, but was exposed to the action of rain and the elements and was continually moist from the escaping steam and water; that on said date John Probst was employed in removing the steamed or boiled logs from said tank as aforesaid; and, as was the custom of the employees of said department, as defendant well knew or by the exercise of reasonable care would have known, and as was the instruction of the defendant's servants and agents in charge of said department of said factory, was standing upon the tank for the purpose aforesaid.

"Plaintiffs state that at said time there was no railing or handhold or other safety appliance of any kind provided on or about said tank, although it would have

been entirely practicable to have afforded some protection, and it was negligent in defendant not to do so.

"Plaintiffs state that defendant was maintaining and operating in said factory, at the times herein referred to, a derrick, which was situated near the south wall of said tank, and was used for the purpose of hoisting logs out of said tank; that said derrick was exposed to the action of the steam and rain and the elements, as was also said tank or vat; that in consequence the wooden planks around the top of the wall of said tank, as well the wooden cover thereof and the said derrick, were wet and slippery and the rope in said derrick was new and stiff and swollen and could be moved through the blocks in said derrick only with great difficulty, and all of said apparatus was in unsafe and improper and dangerous condition, as defendant well knew, or by the exercise of reasonable care would have known, and this condition was due to defendant's negligence and carelessness.

"Plaintiffs further state that the poles and hooks provided by defendant at said time for the use of plaintiff and other employees in getting the logs out of said vat were too short, defective, and not properly constructed for the purpose intended, and were dangerous for the use of plaintiff and other employees.

"Plaintiffs state that under all of these dangerous conditions, which plaintiffs allege existed long prior to and on or about said 25th day of January, 1913, said John Probst was instructed by defendant just before the scalding hereinafter alleged, to take logs out of said tank, and was repeatedly instructed and required to hasten in his work so as to render it impossible for him to safeguard himself against the consequences of the dangerous and negligent conditions above described; that at said time the water in said tank had been carelessly and negligently permitted by defendant to reach so low a stage that it was three or four feet below the top of the walls of said tank, so as to make it very dif-

ficult to get logs out of same; and plaintiffs state that while the said John Probst was standing upon the south wall of said tank, and while bending over for that purpose, said derrick swung near him and lightly touched him, or attracted his attention, and his foot slipped upon the wet and slippery footing aforesaid, and he fell into said vat, all because of defendant's negligence and carelessness aforesaid.

"Plaintiffs further state that said derrick was, at said time, caused to swing, as aforesaid, by the endeavor of defendant's representatives in charge of said operation to straighten out the rope in said derrick, which operation was rendered unreasonably difficult by reason of the unsafe and negligent condition of the derrick and its equipment aforesaid, and in pulling at the rope for the purpose above set out, the derrick was unexpectedly caused to swing near and lightly touch or attract the attention of said John Probst.

"Plaintiffs further state that as a result of the carelessness of said defendant as above set out and in consequence of the falling into the said vat as above described, the said John Probst was scalded and burned over his whole body.

"Plaintiffs further state that he was removed to the Alexian Brothers Hospital in said City of St. Louis, where he died a few hours later from his said injuries.

"Plaintiffs state that defendant provided and maintained all the said apparatus and equipment, and controlled all the methods of operation used in said factory, and that the defendant was negligent and careless therein, in that the same were totolly inadequate and unsafe and dangerous, as defendant knew, or would have known by the exercise of reasonable care, and had it not been for the defendant's said negligence and carelessness the said injuries and death would not have occurred.

"Plaintiffs further state that they are the only lawful children the said John Probst ever had, and that he has no other lawful child or children; that their mother,

Elizabeth Probst, was at all times hereinabove mem-
tioned the lawful wife of said John Probst; that an ac-
tion accrued to her as such wife because of the death,
in the manner above related, of the said John Probst,
but that the said mother, Elizabeth Probst, never
brought or prosecuted any action against this defendant
for causing such death, within the period of six months
after such death, as allowed by the statutes of this State
to said mother, and by reason whereof a cause of action
has accrued to plaintiffs, the minor children of said
deceased John Probst.

"Plaintiffs further state that they did heretofore
and within one year of the time of said death, bring an
action for damages against the defendant herein on the
same cause of action set forth in this petition, *and that
plaintiffs suffered a nonsuit in said action.*

"Plaintiffs state that because of the negligence of
defendant in causing the death of their father as above
set forth they have been damaged in the sum of ten
thousand dollars, for which sum and the costs of this
action they pray judgment." (Italics ours).

Appellant filed an answer on the merits consisting
of a general denial and a plea of contributory negligence.
The reply was a general denial.

The defendant, it will be noted, did not file a de-
murrer to the petition, but answered to the merits as
above stated. After the first witness was sworn and
before any evidence was introduced appellant made an
*ore tenus* objection to the introduction of evidence "be-
cause the petition does not state facts sufficient to con-
stitute a cause of action." The objection was overruled.
Neither before nor during, or after the trial, did counsel
for defendant point out to the trial court wherein he
thought the petition did not state a cause of action, but.
here on appeal learned counsel for appellant argues with
great earnestness that plaintiffs' petition does not state
a cause of action because it fails to allege the time when
the nonsuit was had, and that the present action was

"brought within one year after the judgment of non-suit against plaintiffs."

The trial resulted in a judgment for five thousand and five hundred dollars, in plaintiffs' favor, which was affirmed by said Court of Appeals.

Appellant contends that the opinion of said Court of Appeals, in holding that the overruling of his demurrer by the trial court was well enough; in holding that the instant suit was brought by plaintiffs in time under the provisions of Section 5425, Revised Statutes 1909, and in holding that appellant's assignments in his motion for new trial respecting the giving and refusing of instruction were too general to warrant a review thereof by this court, are in conflict with the following authorities: (1) relating to the demurrer, Chandler v. Railroad, 251 Mo. 592; Clark v. Railroad, 219 Mo. 524; Alward v. Boatwright, 193 S. W. 568; State ex rel. v. Brewing Co., 270 Mo. 100; McQuitty v. Wilhite, 218 Mo. l. c. 591; Hanson v. Neal, 215 Mo. l. c. 278; Cantwell v. Lead Co., 199 Mo. l. c. 42; Hudson v. Cahoon, 193 Mo. 547; and (2) to the assignments in the motion for new trial being too general to warrant a review by the court, Wampler v. Railroad, 269 Mo. 464; Stid v. Railroad, 236 Mo. 382; Collier v. Lead Co., 208 Mo. 246; State v. Barrington, 198 Mo. 23; State v. Noland, 111 Mo. 473.

I.   In the case of State ex rel. v. Goodrich, 257 Mo. l. c. 47, it was held by WALKER, J., as follows:

"Under our procedure the office of the writ of *certiorari* is the same as at common law, and, consistent with the letter and spirit of existing statutes, our courts Pleading. may properly adopt the usages and principles applicable to the issuance of the writ as same may have been developed under the common-law system. The office of the writ as developed under our procedure, following the precedents of the common law, is to bring the record of the proceedings of inferior courts before a superior court to determine the legality of the former's

acts.   The writ, therefore, brings up for review the record proper.

"In writs of *certiorari*, such as in the instant case, we are limited to the question of conflict."   [214 S. W. 369.]   "Under its latest rulings this court is not to determine whether the St. Louis Court of Appeals erred in its application of rules of law to the facts in the record before it, but only whether in announcing the law of the case upon the facts stated in its opinion it failed to follow the last previous ruling of this court."   [State ex rel. Peters v. Reynolds, 214 S. W. l. c. 122, and cases cited.]

The crux of appellant's contention as to the demurrer is wrapped in the following averment in the petition: "Plaintiffs state that they did heretofore and within one year after the time of said death, bring an action for damages against the defendant herein on the same cause of action set forth in this petition, *and that plaintiffs suffered a nonsuit in said action."*   (Italics ours.)

An examination of the authorities cited supra, will conclusively show that they have no application to the case in hand, because the facts are different.   In this case the very point appellant sought to reach by its verbal demurrer, that is, when the nonsuit was had and that the suit was not rebrought in time under the statute, it later, in open court and during the progress of the trial, admitted to be incorrect..   While plaintiffs were attempting to offer the nonsuited petition in evidence, the following occurred:

"The Court:  Do you admit filed in time?

Mr. KELLEY:  It is, yes, sir, the children's suit was. I will admit he filed suit within a year after the nonsuit; no use denying the record."

We think, as ruled by the Court  of Appeals, that said admission by counsel was binding  on appellant. [Pratt v. Conway, 148 Mo. l. c. 299; 1 R. C. L. p. 469, par. 4; Oscanyan v. Arms Co., 103 U. S. 261; Butler v. Natl. Home, 144 U. S. 65; Tebeau v. Ridge, 261 Mo. l. c. 558;

1 Greenleaf on Evidence (16 Ed.), sec. 205; 2 Jones on Evidence (2 Ed.), sec. 257.]

And being thus bound the necessity for offering proof as to the filing of the present suit within the time required was waived. Counsel for appellant, as above stated, admitted that it was filed in time, and counsel for plaintiff was endeavoring to prove that it was filed in time, which endeavor evoked the admission. We think the fact that it was filed in time ought to be taken as settled.

Moreover, had the admission not been made, we think the petition was amendable since an amendment would not have changed the nature of the action. It was said in the Tebeau case, supra, that " 'Our statute of amendments is very broad, and we are forbidden to reverse any judgment "for omitting any allegation or averment without proving which the triers of the issue ought not to have given such verdict.' " Or "for the want of any allegation or averment on account of which omission a demurrer could have been maintained." [R. S. 1889, sec. 2113, which is now Sec. 2119, R. S. 1909; Seekinger v. Mfg. Co., 129 Mo. l: c. 598; Grove v. Kansas City, 75 Mo. 672.] The cause of action was merely defectively stated in the petition and could have been, as above stated, amended had that not been rendered unnecessary by appellant's admission supra, that the petition had been filed in time. We think the Court of Appeals ruled correctly in sustaining the overruling of appellant's demurrer and that appellant's admission, supra, was binding on him.

II. The opinion further sets forth the court's ruling on the refusal to review the instruction complained of because they were couched in language too general, as follows: "The court at the instance and request of plaintiffs and over the objection of defendant, erred in giving improper and erroneous instructions to the jury," and, "the court erred in refusing proper

General Assignments. and correct instructions offered and requested by defendant."

The court cited in support of said proposition the cases of Disinfecting & Mfg. Co. v. Bates County, 273 Mo. 300; Polaski v. St. Louis, 264 Mo. 458; Wampler v. Railroad, 269 Mo. 464; State v. Rowe and Sanders, 271 Mo. 88.

All of these cases except the Wampler case distinctly support said proposition. In citing these cases as supporting the proposition that said assignment in the motion for new trial are too general to justify this court in reviewing them, the learned Court of Appeals was in error. The Wampler case holds that assignments in the motion for new trial as general as those in the case at bar are sufficiently specific for this court to review the points raised. In the recent case of State ex rel. United Rys. Co. v. Reynolds, 278 Mo. 554, 213 S. W. 782, the Wampler case is held to be the last expression of this court to the effect that such general assignments in the motion for new trial are sufficient for review here, and that other cases holding such assignments to be too general to justify a review here should not longer be followed.

The citation of said authorities that the assignments in the motion for new trial were too general must be disregarded.

II. The learned judge who rendered the opinion in the court of Appeals further held as follows:

"However, we have examined each of these assignments of error relating to the instructions and have concluded each of them to be without merit. Furthermore. the instructions in the case show that the learned trial judge very properly narrowed the issues in the case by instructions withdrawing from the jury's consideration of such issues as had not been supported by testimony adduced on plaintiff's behalf, and the instruction as to the remaining issues covered the case fully and fairly."

Thus the court expressly holds that it did review the instructions complained of and determined that they

284 Mo.—25

presented no error. In view of this fact we are unable to understand how relator is harmed.

The court further set out the facts on the merits of the case, and sustained the trial court in overruling relator's demurrer offered at the close of the testimony, and in submitting said facts to the jury, for their determination, which returned a verdict for plaintiff for $5,500.

The fact that the court cited authorities to the effect that the assignments in the motion for new trial were too general for review in that court or in this court, does not in anywise affect the merits of the case and would not justify us in quashing the entire record. We simply quash that portion of the record holding that the motion for new trial was too general, so that this opinion may harmonize with the last expression of this court, as set forth in the authorities, supra. [State ex rel. v. Reynolds, 270 Mo. 1. c. 602.]

In this case, Judge Graves, speaking for the court, said: "We do not agree to the opinion of the Court of Appeals in so far as it says that there was a voluntary payment of these taxes, but the judgment entered by that court is a proper one and should not be quashed. The Constitution makes the opinion of the court a part of its record, and we will quash such portion of its record for the reason assigned in our paragraph one, but will permit its judgment to stand, because for the right party."

The judgment of the court in the instant case is a proper one, and while we will quash that portion of its record indicated, we will permit the judgment to stand, because for the right party. It is so ordered. *White, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of Mozley, C., is hereby adopted as the opinion of the court. All of the judges concur; *Walker, C. J.,* in the result.