AMOS SMITH, RAYMOND SMITH, DAVID SMITH and NOVINE SMITH, by their next friend, JENNIE SMITH, Respondents, v. J. M. ALLEE, et al., Appellants.

St. Louis Court of Appeals.   Opinion Filed December 5, 1922.

1. **DEATH BY WRONGFUL ACT**: Pleading: Suit by Children: Evidence: Widow Surviving: Failure of Petition to State a Cause of Action. In an action under section 4217, Revised Statutes 1919, to recover damages for death by minor children of deceased brought on their behalf by the wife and widow of deceased as next friend, where the petition in the case was filed more than six months after the death occurred, but within one year, and there was no averment in the petition either that deceased left no widow surviving him or that the deceased left a widow surviving him, and that she had failed to sue within six months after the date of his death, *held* the petition states no cause of action.

2. ———: ———: Statute: Derogation of Common Law: One Seeking to Maintain Action Must Allege and Prove Facts Bringing Him Within Statute. At common law damages were not recoverable for a tort to the person resulting in death; yet section 4217, Revised Statutes 1919, which is in derogation of the common law, both gives the right of action and provides the remedy for the death where none existed at common law, and one seeking to maintain an action thereunder must allege and prove such facts as would bring him directly within its provisions.

3. **APPELLATE PRACTICE**: Death by Wrongful Act: Evidence: Pleading: No Cause of Action Stated: Cause Reversed and Remanded. In an action for death by wrongful act, under section 4217, Revised Statutes 1919, in the absence of a proper averment in the petition, whether or not there was a widow left surviving

211 M. A.—6

the deceased, and as to whether or not any suit had been brought by the widow, if any, and in the failure of the proof as to whether the widow had sued or failed to sue, on appeal from a judgment in favor of plaintiffs, the appellate court will reverse the judgment and remand the cause.

Appeal from the Circuit Court of Ste. Genevieve County. —*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

*Clyde Williams* and *E. C. Edgar* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action because: 1. It does not allege that the action was brought within one year after the cause of action accrued. 2. It neither alleges that deceased left no wife nor that she failed to sue within six months after the death of David Smith. Barker v. Hannibal and St. Joseph Ry. Co., 90 Mo. 92; Packard v. Hannibal and St. Joseph Ry. Co., 181 Mo. 427; Troll v. Gas Light Co., 182 Mo. App. 600; Strother v. Kansas City Southern Ry. Co., et al., 187 Mo. App. 310; McGinness v. K. C. Western Railway Co., 195 Mo. App. 390; Lyons v. St. Louis S. W. Ry. Co., 190 S. W. 859. (2) The court should have given the instruction in the nature of a demurrer offered by defendants at the close of plaintiff's case and again at the close of the whole case, because: 1. The evidence showed the deceased left a wife and it did not show that she did not appropriate the cause of action within the time given her by statute. 2. The evidence failed to show any liability on the part of defendants for the death of David Smith. 3. The evidence showed that the death of David Smith was due to his own negligence and carelessness. R. S. 1919, sec. 4217; Barker v. Hannibal and St. Joseph Ry. Co., 91 Mo. 92; Sheets v. M. R. and B. T. Railroad, 152 Mo. App. 376; Chandler v. Kansas City Gas Co., 174 Mo. 321; Paden v. Van Blarcom, 181 Mo. 117; Barton v. Pepkin County Agrl. Soc. 52 N. W. 1129; Ginter v. O'Donoghue,

179 S. W. 732; Lowry v. Smith, 198 S. W. 437. (3) The court erred in giving plaintiffs' Instruction No. 1 because: 1. It authorized the jury to find a verdict against all the defendants if it found any of the defendants were an organization known as the De Soto Fair Association. 2. It assumed that the automobile was driven on the enclosure at the Fair in a dangerous, reckless and negligent manner. 3. It told the jury that David Smith had the right to be on the race track at the time he was injured. 4. It assumed the defendants were negligent in permitting the automobile to be in the enclosure. (4) The instructions given on behalf of plaintiffs and defendants are in conflict. Kelly v. United Railways Co., 153 Mo. App. 114; Baker v. K. C., Ft. S. and M. Ry. Co., 122 Mo. 533.

*Burr S. Goodman* and *Samuel McKay* for respondents.

(1) The petition does state facts sufficient to constitute a cause of action, because: (a) The face of the petition shows that the action was brought within one year of the time the cause of action accrued, and more than six months after the cause of action had accrued. (b) That after the expiration of six months, unless there be a showing to the contrary that the right of action had been appropriated by the widow, the right in the minor children becomes a vested right, and they alone had the right to bring this action, as it was absolute and vested in them. Packard v. Railroad, 181 Mo. 427; Kennedy v. Missouri Pacific R. R., 45 Mo. 258; McKinsey v. Railroad, 216 Mo. 1; Coover v. Moore & Walker, 31 Mo. 576. (2) The court did not err in overruling defendant's demurrer to the evidence. Hazeltine v. Smith, 154 Mo. 404; Delaney v. Bowman, 82 Mo. App. 252; Marshall v. Ferguson, 78 Mo. App. 645; Heether v. City of Huntsville, 121 Mo. App. 495; Nairn v. Mo., K. & T. Ry. Co., 126 Mo. App. 707; Smith v. Wabash R. R., 129 Mo. App. 413; Goldsmith v. St. Louis Candy Co., 85 Mo. App. 595.

(3) The court did not err in refusing to give the instruction in the nature of a demurrer offered by the defendants at the close of the plaintiff's case, and again at the close of the whole case. Muerrell v. Smith, 152 Mo. App. 95; Cooley on Torts, (2 Ed.), p. 718; Larkin v. Beech Co., 3 L. R. A. (N. S.) 982; Hart v. Washington Park Assn., 157 Ill. 9, 29 L. R. A. 492; Lane v. Minnesota State Agricultural Society, 29 L. R. A. 708; Williams v. Mineral City Park, 1 L. R. A. (N. S.) 427; Thornton v. Maine State Agricultural Society, 53 Atl. 979; Hollis v. K. C. Mo. Retail Merchants Association, 205 Mo. 508; Platt v. Erie County Agr. Soc. 149 N. Y. Sup. 520; Roper v. Ulster County Agri. Soc., 120 N. Y. Sup. 644; Dietze v. Riverview Park Co., 181 Ill. App. 357. The courts have consistently held that where the facts are disputed, or the credibility of witnesses is drawn in question, or the material fact is left in doubt, or there are inferences to be drawn from the facts concluded, the question of negligence and contributory negligence should be submitted to the jury and should not be interfered with by an appellate court. Eckert v. St. Louis Transit Co., 190 Mo. 593; McKinsey v. United Railways, 216 Mo. 22; Westervelt v. St. Louis Transit Co., 222 Mo. 334. One is not required to look for danger when he has no cause to anticipate it. Crawford v. K. C. Stock Yards Co., 215 Mo. 394; Hill v. Scott, 38 Mo. App. 374; Minster v. Citizens' Ry. Co., 53 Mo. App. 276. (4) The instructions of plaintiff clearly stated the law. If, however, the instructions of defendant were in conflict, this judgment should not be set aside, for the reason that if it appears instructions given for one side are sound in doctrine, and those for the other are conflicting therewith, as to the grounds of recovery or defense, the verdict should be set aside if it is in favor of the party for whom the erroneous instructions are given, unless it be in a case where on all the proof it appears the verdict is for the right party. Kelly v. United Railways, 153 Mo. App. 119; Baker v. K. C., Ft. S. and M. Ry., Co., 122 Mo. 533; Stone v. Hunt, 94 Mo. 475; Bluedorn v. Mo.

Pac. Ry. Co., 108 Mo. 439.   (5)  "Errors not affecting substantial rights disregarded.   R. S. 1919, sec. 1276. Case not reversed in absence of error.   R. S. 1919, sec. 1513.   For construction of secs. 1276 and 1513, supra, see:   Friedman v. Williamson, 220 Mo. 217; Mann v. Doerr, 222 Mo. 1;  Berry v. Railway Co., 214 Mo. 593; Stumpe v. Kopp, 201 Mo. 412;  Cross v. Gould, 131 Mo. App. 585;  Armelio v. Whitmann, 127 Mo. App. 698.

BECKER, J.—This is an action under the statute to recover damages for the death of one David Smith, deceased, alleged to have been occasioned by the negligence of the defendants as members of the De Soto Fair Association.   Plaintiffs are the minor children of the said David Smith, deceased, and suit is brought on their behalf by Jennie Smith as next friend, who was the wife and widow of the said David Smith, deceased.

David Smith was injured on September 12, 1918, and died two days later from the effects thereof.   Plaintiffs filed their cause of action on the first day of August, 1919.   The trial of the case resulted in a judgment for $5000 in favor of plaintiffs and against defendants.   Defendants in due course appeal.

The record discloses that the learned counsel for defendants objected to the introduction of any testimony on behalf of plaintiffs on the ground that plaintiffs' petition did not state facts sufficient to constitute a cause of action.   This same point was raised by request for an instruction in the nature of a demurrer at the close of plaintiff's case and again at the close of the entire case. The point is set up in the defendants' motion in arrest of judgment and is raised here on appeal.

We take up the question as to the sufficiency of the petition.   It is contended that the petition is defective under section 4217, Revised Statutes of Missouri, 1919, upon which the action is based.

The petition in the case was filed more than six months after the death of said Smith occurred but within one year, yet there is no averment in the petition either

that the deceased left no widow surviving him or that the deceased left a widow surviving him and that she had failed to sue within six months after the date of his death. Defendants contend that on account of this omission the petition states no cause of action. In light of the rulings of our Supreme Court in cases interpreting this statute we are of the opinion that the point is well taken.

In this connection it may be noted that at the trial there was testimony to the effect that the deceased left a widow surviving him and that she was in fact the duly appointed next friend in the cause, but no evidence whatsoever was adduced as to whether or not she, as widow, had brought suit or failed to sue within the statutory period of six months.

At common law damages were not recoverable for a tort to the person resulting in death, yet our statute on this subject, which is in derogation of the common law, both gives the right of action and provides the remedy for the death where none existed at common law and it has been repeatedly held that one seeking to maintain an action thereunder must both allege and prove such facts as will bring him directly within its provisions. [Chandler v. Ry. Co., 251 Mo. 592, 158 S. W. 35, and cases cited; Dudley v. Ry. Co., 167 Mo. App. 647, 150 S. W. 737; Barker v. Ry. Co., 91 Mo. 86, 14 S. W. 280; Sheets v. Ry. Co., 152 Mo. App. 376, 133 S. W. 124.]

In Sheets v. Ry. Co., supra, which was an action by the widow to recover damages for the death of her husband under the death by wrongful act statute, the petition alleged that "within one year of the nonsuit which she suffered in her former action in this cause, plaintiff files this her petition for a new action." It appeared there were minor children but the petition was silent as to whether the former action was brought within six months from the date of the death of plaintiff's husband. The court there ruled that the petition was defective and was not cured by the evidence after verdict.

Our supreme court in the case of Barker v. Ry. Co., supra, in discussing the statute under consideration held:

"In conferring the right of action, and in providing such remedy, in designating when, and by whom, suits may be brought, it was, as a matter of course, competent for the Legislature to provide and impose such conditions as it might deem proper, and the conditions thus imposed modify and qualify the right of recovery, or form, rather, we think, a part of the right itself, and upon which its exercise depends. . . . For example, the right of the parents to sue under the third subdivision is based upon the fact whether the deceased was a minor, unmarried, which are, we think, conditions precedent to a recovery on the part of the parents. Suppose, for example, that, in an action by them, under the statute, it was neither averred in the petition nor proved on the trial, that the deceased was a minor, and unmarried, could a recovery be had? Again, suppose, for example, the minor child or children brought the action within six months from the death; or, suppose further, that such minor children instituted suit after the expiration of the six months, and it was neither alleged in the petition nor shown by the evidence, that there was no husband or wife, or that the husband or widow, as the case might be, had failed to sue in the six months.

"In none of these cases could a recovery, as we think, be properly had."

In the absence of the proper averment in the petition, whether or not there was a widow left surviving the deceased, and as to whether or not any suit had been brought by the widow, if any, and in the failure of the proof as to whether the widow had sued or "failed to sue," we must, under the authorities, rule that the judgment should be reversed and the cause remanded. [As to remanding see State ex rel. St. Louis Basket & Box Co. v. Reynolds, 284 Mo. 372, l. c. 384, 224 S. W. 401; Colvin v. Ry. Co., — Mo. App. —, 200 S. W. 715, l. c. 718; O'Toole v. Lowenstein, 177 Mo. App. 558, 91 S. W. 75; Sheets v. Ry. Co., supra.] It is so ordered. *Allen, P. J.,* and *Daues, J.,* concur.