ALICE PATTON, RESPONDENT, v. WABASH RAILWAY COMPANY, APPELLANT.*

Kansas City Court of Appeals. May 3, 1926.

*Corpus Juris-Cyc References: Death, 17CJ, p. 1201, n. 33; Limitations of Actions, 37CJ, p. 1088, n. 16.

*Frank & Stewart* and *J. E. Rieger* for respondent.

*Homer Hall* and *Higbee & Mills* for appellant.

ARNOLD, J.—This is an action in damages instituted by plaintiff against defendant for the alleged negligent killing of her seventeen-year-old son, Ernest L. Davidson, whose dead body was found on defendant's right of way in Adair county, Mo., near the north end of a trestle in defendant's track. The deceased had been living with his mother, plaintiff herein, on a farm near the village of Millard in said county.

Defendant's track runs in a general northwest and southeast direction from the town of La Plata in Macon county, through the village of Millard to the city of Kirksville and beyond. Millard is seven miles north of La Plata and its right of way of defendant is fenced between the two stations. The country between is a farming community which is settled about as thickly as the average farm territory in the State of Missouri and the evidence shows there are about twelve to fourteen houses facing the public road which runs between the two towns and is parallel to the railroad track most of the way and in close proximity thereto.

The record shows that on the night of March 9, 1923, the decedent Davidson attended a dance at La Plata and shortly after midnight was seen leaving the dance and walking north on defendant's track. It is in evidence that defendant's passenger train No. 11 from St. Louis, Mo., to Des Moines, Iowa, was due at La Plata about 1 o'clock

A. M. and was scheduled to meet a southbound passenger train at Millard, train No. 11 taking the siding. On the occasion in question when train No. 11 reached a point about midway between La Plata and Millard about three and one-half miles north of La Plata, the air brakes went on in full emergency, which automatically stopped the train at a distance, variously estimated by the witnesses as 600 to 1000 feet; that the train was running at a speed of about thirty-five miles per hour at the time.

After the train was stopped an examination revealed that the air line on the pilot in front of the locomotive was broken. There were no indentation on the pilot that any object had been struck by it except an indentation on one of the pilot rods and it is not shown the dent was fresh. The next day the body of Davidson was found about fifteen or twenty feet east from the east rail of the track at the foot of the embankment, or fill, of the track and some eighty feet north of the trestle.

At this point the track is curved to the left, looking north, the curve beginning at a point about 350 feet south of the trestle and about midway between the bridge and a public road crossing which is about 700 feet south of the bridge. There was evidence that the track at, or near, the point in question was used by pedestrians at night as well as by day and that this was especially true when the public highway was muddy. There was evidence tending to show that from his seat on the right (east) side of the cab, the engineer could not see objects on the track in front of him owing to the obstruction of the front extension of the engine and the curve in the track. The fireman whose seat is on the left side of the engine cab, testifying for plaintiff. stated that the engine bell was ringing continuously because of the number of crossings in that locality, and that the whistle was sounded for the highway crossing just mentioned, which was south of the scene of the accident. On cross-examination this witness stated that he was looking at the track ahead all the time and saw no one upon the track.

The petition alleges that the track of defendant runs in a northwest and southeast direction through sections 19 and 30 in township 61, range 14, Adair county, about three miles northwest of the City of La Plata and about three miles southeast of the town of Millard; that for a period of ten years next preceding the accident complained of, the track of defendant in said sections was constantly used, both day and night as a footway by pedestrians going over and upon said track and that defendant, during said period, and at the time of the accident, had knowledge of such continued use by pedestrians. The cause of action is bottomed upon said alleged user and the humanitarian rule. The petition states:

"That the defendant in charge of said locomotive and train of cars, saw Davidson upon the track and bridge aforesaid in a position of

peril, or by the exercise of ordinary care on their part could have discovered him in a position of peril in time to avoid killing him, and stopped or slackened the speed of said locomotive and train of cars, with safety to the train aforesaid, and thus have avoided striking Davidson and killing him; but plaintiff states that defendant in charge of said locomotive and train of cars carelessly and negligently failed to stop or slacken the speed of said locomotive and train, after it saw Davidson in a position of peril and oblivious of his peril and danger or by the exercise of ordinary care could have discovered him in a position upon the track at the bridge aforesaid and oblivious of his peril and danger, and failed to stop or slacken the speed of said locomotive and train of cars, and by reason of which carelessness and negligence on the part of defendant as aforesaid, the said locomotive and train of cars ran in and upon the said Davidson inflicting upon him wounds from which he then and there died.''

Damages are prayed in the sum of $3000.

The answer admits defendant's corporate status and generally denies all other allegations in the petition. As affirmative defense the answer pleads that Ernest L. Davidson was a trespasser upon defendant's right of way and tracks in the nighttime, where he had no lawful right to be, and at a place not used by the public as a footpath, ''or that deceased was carelessly and negligently trespassing upon defendant's locomotive and fell therefrom while the same was in rapid motion.'' The answer also pleads contributory negligence. There is also embodied in the answer a plea in abatement and an allegation that the cause is barred by the Statute of Limitations.

The plea in abatement was tried to the circuit court without a jury, as was also the plea of limitation, and on both issues the court found for the plaintiff. The case on its merits was tried to a jury which found the issues for plaintiff and assessed her damages at $2000. Judgment was accordingly entered. A motion for a new trial was unavailing and defendant appeals.

The first point for our consideration is the charge that the trial court erred in finding for plaintiff on defendant's plea in abatement and the plea of limitations. In support of its contention in this respect, defendant argues that the alleged cause of action accrued on March 10, 1923, and that the action was not begun until December 20, 1924. The record shows that the trial on the plea in abatement and the plea of limitations was upon an agreed statement embracing the following salient facts:

(1) It was agreed that on December 1, 1923, plaintiff filed her petition in the circuit court of Adair county, Mo., in which judgment was sought in the sum of $3000; (2) that summons was duly issued and served; (3) that on January 23, 1924, defendant filed its answer therein; (4) that on September 12, 1924, and during the May

term, 1924, of said court, plaintiff filed an amended petition joining Francis M. Nichols as party defendant, and asked $10,000 damages on the same cause of action as originally pleaded; (5) that summons was duly issued and served on defendant Nichols, returnable to the October term, 1924, of said court; (6) that thereafter and on October 27, 1924, being the first day of the October term, 1924, defendant filed its petition, bond and notice for removal of said cause to the United States District Court at Hannibal, Mo.; (7) that previous thereto, written notice had been duly given of intention to file said removal petition and bond and that service thereof was accepted on said date; (8) that said bond was duly approved by the court; (9) that on November 11, 1924, the said petition for removal was denied by the court, and (10) that, thereafter, on November 20, 1924, defendant filed with the clerk of the U. S. District Court in and for the northern division of the Eastern Judicial District of Missouri, a true and complete transcript of all the records and proceedings in said cause, together with all the original papers therein filed not forming a part of the record, and a certified copy of all the original papers forming a part of the record; that thereafter on December 2, 1924, defendants duly filed with the clerk of said U. S. District Court its separate answer therein.

Thereupon, over the objection of defendant, plaintiff introduced in evidence her exhibit "B" which is a certified copy of a record entry in the office of the clerk of the United States District Court in and for the Northern Division of the Eastern Judicial District of Missouri, showing that on February 9, 1925, plaintiff dismissed her said cause in said court.

The records of the circuit court of Adair county, Mo., also were introduced in evidence, showing that plaintiff dismissed her cause therein on January 19, 1925, being the first day of the January term of that year. Thereupon defendant offered in evidence a certificate of the clerk of the said Federal Court showing that on February 3, 1925, said cause had not then been dismissed in that court. Upon objection of plaintiff's counsel this offer was refused, the court stating:

"I understand the purpose for which you offer it, but the record already introduced now shows that at the time you filed your answer, the suit had not been dismissed."

The above evidence on the plea in abatement is all that was offered and the defendant then asked, and the court refused, the following declarations of law:

"1. The court declares the law to be that under the pleadings and law and the evidence the plea in abatement must be sustained.

"2. The court declares the law to be that if it finds and believes from the evidence introduced on the plea in abatement that at the time of the filing of this action, to-wit, on the 20th day of December,

1924, there was a former suit pending by the plaintiff against the defendant for the same cause of action sued on in this action; that said cause of action so pending either in the circuit court of Adair county, Missouri, in the event said cause was not one which was removable to the United States District Court, or in event the same was removable, if the court finds the same was then pending in the United States Court for the Northern Division of the Eastern Judicial District of Missouri, at Hannibal, Missouri, and that said former suit had not been dismissed in the court in which it was properly pending at the time of the institution of this action, to-wit, on December 20, 1924, then the court declares the law to be that this action was prematurely brought and that the plea in abatement should be sustained and the action should be abated.''

The parties then agreed to submit the plea of the Statute of Limitations upon the testimony introduced upon the plea in abatement. Defendant then asked and the court refused two declarations of law, upon this plea, as follows:

''1.   The court declares the law to be under the law and pleadings and evidence introduced on the plea in abatement, which is considered also on the plea of limitations, that the cause of action sued on by plaintiff in the petition is barred by the Statute of Limitations of Missouri, and plaintiff cannot recover.

''2.   The court declared the law to be if it finds and believes from the evidence heretofore produced on the plea in abatement and on the plea of limitations that at the time of the institution of this suit, to-wit, on December 20, 1924, more than one year had elapsed from the date of the accrual of the alleged cause of action, and that the intervening suit mentioned and described in plaintiff's petition and in defendant's answer and in the evidence heretofore introduced was still pending and not disposed of, and was not dismissed; that the cause of action sued on in this action is therefore barred by limitation, and the finding and judgment of the court must be accordingly for the defendant.''

It is defendant's contention that the court erred in refusing the declarations of law just stated, both on the plea in abatement and limitations.   The record discloses that the petition upon which the cause was tried was filed on December 20, 1924.

Defendant's position in this matter is reflected in the declarations of law sought to be given, to-wit, that at the time of filing the last petition there was a suit pending for the same cause of action and between the same parties in the circuit court of Adair county, Mo., in case the cause was not removable to the U. S. District Court; or, in the event it was so removable, then in the said U. S. District Court, and, therefore, the cause should have been abated; that more than one whole year had elapsed from the date the cause of action accrued,

to the time the last petition was filed, and, therefore, that the right of action was barred by the Statute of Limitations.

Defendant strenuously urges that the court erred in refusing to sustain defendant's plea of the Statute of Limitations.

Plaintiff's remedy, under the facts, is purely statutory, as no right of action exists under the common law. [Smith v. Allee, 211 Mo. App. 82, 245 S. W. 1117.] The time limit within which a suit may be brought is fixed by section 4221, Revised Statutes 1919, at one year after the cause of action accrued, and the statute provides that if a suit is timely brought and if, for any cause, plaintiff shall suffer a nonsuit, an additional year after such nonsuit is suffered is allowed in which to file another suit; but the statute provides that the plaintiff must have actually suffered a nonsuit in the former action before the additional year will be granted within which to file a new suit.

Under the facts stated, the original action had been timely filed and had not been dismissed when the present suit was filed on December 20, 1924, but was dismissed subsequent to that date. This action being filed before dismissal of the former suit, the one-year nonsuit provision does not apply. This very situation arose in the case of Bank v. Thompson, 284 Mo. 72, 223 S. W. 734 (opinion by WALKER, J.), where the question is ably discussed and decided in favor of plaintiff's contention. At p. 87, the court says:

"But it is contended that the action at bar comes within the saving clause of the nonsuit statute (Sec. 1900, R. S. 1909), which provides, in effect, so far as relevant here, that if a plaintiff suffer a nonsuit, he may from time to time bring a new action within one year after such nonsuit suffered, etc. Under the facts at bar the one-year saving clause provided in the above statute is inapplicable. Plaintiff filed the alleged amendment, which constituted in effect the bringing of a new suit, while the original action was pending. A dismissal of the first suit is a prerequisite to the right to bring the new suit authorized by the statute."

And at p. 88, the opinion declares:

"The evident purpose of this statute was to extend for a year the plaintiff's right to bring the same action as theretofore instituted, and in which nonsuit has been suffered, and which otherwise would be barred by the general Statute of Limitations."

It is not claimed by plaintiff, nor does the record show, that a nonsuit, voluntary or involuntary, was suffered by plaintiff. And, as a period of twenty-one months had elapsed from the time the right of action accrued until the present case was filed, under the ruling of the Supreme Court in Bank v. Thompson, supra, we must hold that the cause is barred by the Statute of Limitations. In this connection, plaintiff states that the suit against the defendant Railroad Company and Nichols was dismissed on the —— day of December, 1924, prior

to the filing of the present petition. We find plaintiff is not supported in this statement by the record before us. Plaintiff's exhibit "B" which is the certificate of the clerk of the U. S. District Court at Hannibal, Mo., states:

"Be it remembered, that at a regular stated term of the District Court of the City of Hannibal, Missouri, on the 1st Monday, the 1st day of December, in the year of our Lord, nineteen hundred and twenty-four, the following among other proceedings were had and appear of record on Monday the 9th day of February A. D. 1925, to-wit," and then follows the formal dismissal of the case.

We can construe this entry in no other way than that the cause was dismissed on February 9, 1925, and not on December 1, 1924. The latter date we construe as referring to the first day of the December term of said court, to-wit, December 1, 1924. The record also discloses that the cause then pending in the circuit court of Adair county, Mo., was formally dismissed on January 19, 1925. As the present petition was filed December 20, 1924, it must be concluded that the former cause was pending at that time.

Plaintiff urges that as the petition herein states that the suit against the railroad company and Nichol was dismissed, this was notice that the prior suit had been abandoned. But we think there is no merit in this contention. The allegation in the petition is not controlling in that it cannot supply the necessary requirement of the statute and cannot refute matters established by the certified copies of the court records in evidence. Plaintiff cites the case of Missouri, etc., Land Co. v. Quinn, 172 Mo. 563, as supporting his contention in respect to the application of section 4221, Revised Statutes 1919. But an examination of the opinion in that case shows that it declares the same rule as in the case of Bank v. Thompson, supra.

For reasons above stated the judgment is reversed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.